James I. Stang (CA State Bar #94435)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
Phone: (310) 277-6910
Fax: (310) 201-0760
Email: jstang@pszjlaw.com

Proposed Attorneys to Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MONTANA**

| | |
|---|---|
| In re: | ) Chapter 11 |
| Roman Catholic Bishop of Great Falls, Montana, a Montana Religious Corporation Sole (Diocese of Great Falls - Billings), | ) Bankruptcy Case No. 17-60271-JDP |
| Debtor-in-Possession | ) |

**APPLICATION OF THE COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER, PURSUANT TO 11 U.S.C. §§ 327 AND 1103, AND FED. R. BANKR. P. 2014, AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL EFFECTIVE MAY 5, 2017**

TO:   THE HONORABLE JIM D. PAPPAS, UNITED STATES BANKRUPTCY JUDGE:

The Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned case (the "Case") under chapter 11 of Title 11 of the United States Code (as amended, the "Bankruptcy Code"), hereby submits this application (the "Application") for the entry of an order authorizing and approving the retention and employment of Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm") as counsel to the Committee, effective May 5, 2017, pursuant to sections 327 and 1103 of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of the relief sought in the

DOCS_LA:305690.3 18488/001

Application, the Committee submits the affidavits of James I. Stang, Ilan D. Scharf and Kenneth H. Brown, partners of the Firm (the "Stang Affidavit"), attached hereto as **Exhibit A** and incorporated herein by reference for all purposes. In further support of its Application, the Committee respectfully states as follows:

### 1. Jurisdiction and Venue

This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Application is properly in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

The statutory bases for the relief requested herein are sections 327 and 1103 of the Bankruptcy Code, and Bankruptcy Rule 2014.

### 2. Background

On March 31, 2017 (the "Petition Date"), the Roman Catholic Bishop of Great Falls, Montana (the "Debtor" or the "Diocese") commenced its Case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to operate as debtor in possession.

On May 1, 2017, the Acting United States Trustee for Region 18 (the "U.S. Trustee") appointed the Committee [Docket no. 92].[1]

### 3. Relief Requested

By this Application, the Committee respectfully requests that the Court enter an order pursuant to sections 327 and 1103 of the Bankruptcy Code, and Bankruptcy Rule 2014, authorizing the Committee to employ and retain the Firm as its counsel in this Case. The

---

[1] On May 2, 2017, the Acting United States Trustee amended the notice of appointment of the Committee to correct contact information for one of the Committee members [Docket no. 93]. The amendment did not change the composition of the Committee.

Committee seeks to retain the Firm effective May 5, 2017, the date on which the Committee selected the Firm.

4. **Services to be Provided**

The Committee desires to retain PSZJ, at the expense of the Debtor's estate, to render professional services as required by the Committee, including, but not limited to, the following:

> (1) assisting, advising and representing the Committee in its consultations with the Debtor regarding the administration of this Case;
>
> (2) assisting, advising and representing the Committee in analyzing the Debtor's assets and liabilities, investigating the extent and validity of liens or other interests in the Debtor's property and participating in and reviewing any proposed asset sales, any asset dispositions, financing arrangements and cash collateral stipulations or proceedings;
>
> (3) reviewing and analyzing all applications, motions, orders, statements of operations and schedules filed with the Court by the Debtor or third parties, advising the Committee as to their propriety, and, after consultation with the Committee, taking appropriate action;
>
> (4) preparing necessary applications, motions, answers, orders, reports and other legal papers on behalf of the Committee;
>
> (5) representing the Committee at hearings held before the Court and communicate with the Committee regarding the issues raised, as well as the decisions of the Court;
>
> (6) performing all other legal services for the Committee which may be necessary and proper in this Case and any related proceeding(s);
>
> (7) representing the Committee in connection with any litigation, disputes or other matters that may arise in connection with this Case or any related proceeding(s);
>
> (8) assisting, advising and representing the Committee in any manner relevant to reviewing and determining the Debtor's rights and obligations under leases and other executory contracts;
>
> (9) assisting, advising and representing the Committee in investigating the acts, conduct, assets, liabilities and financial condition of the Debtor, the Debtor's operations and the desirability of the continuance of any portion of those operations, and any other matters relevant to this Case;

(10) assisting, advising and representing the Committee in their participation in the negotiation, formulation and drafting of a plan of liquidation or reorganization;

(11) assisting, advising and representing the Committee on the issues concerning the appointment of a trustee or examiner under section 1104 of the Bankruptcy Code;

(12) assisting, advising and representing the Committee in understanding its powers and its duties under the Bankruptcy Code and the Bankruptcy Rules and in performing other services as are in the interests of those represented by the Committee;

(13) assisting, advising and representing the Committee in the evaluation of claims and on any litigation matters, including avoidance actions; and

(14) providing such other services to the Committee as may be necessary in this Case or any related proceeding(s).

## 5. Terms of Retention

Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code and any applicable Orders of this Court, compensation will be payable to PSZJ on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by PSZJ. Due to the unique circumstances of this Case, the Firm proposes charging hourly rates which are substantially below its regular hourly rates. The Firm proposes to charge $650 per hour for professionals working on the Case and regular hourly rates of $175-$255 for paralegals.

It is PSZJ's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's Case. The expenses charged to clients include, among other things, telephone charges, mail and express mail charges, fax charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by PSZJ to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and

other overtime. PSZJ will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to PSZJ's other clients, and all amendments and supplemental standing orders of the Court. PSZJ believes that it is more appropriate to charge these expenses to the clients incurring them than to increase its hourly rates and spread the expenses among all clients.

During this Case, individual Committee members may pay out of pocket for certain expenses related to their service as Committee members (any such expenses "<u>Committee Members' Expenses</u>"). To alleviate any problems that may arise for Committee' members on account of any delay in seeking and obtaining reimbursement for such expenses, PSZJ proposes to pay such expenses directly or reimburse the Committee members for any such expenses and then add such expenses to the Firm's invoices in this Case. Such expenses shall be allowable to the Firm on the same basis as other expenses incurred by the Firm in this Case.

**6.     <u>No Adverse Interest and Disclosure of Connections</u>**

The Committee believes that PSZJ does not hold or represent any interest that is adverse to the Committee and the Debtor's estate and does not hold or represent any interest adverse to and has no connection with the Committee, the Debtor, its creditors or any party in interest herein in the matters upon which PSZJ is to be retained, except as set forth in the Stang Affidavit. Therefore, to the best of the Committee's knowledge, PSZJ is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

The affidavits attached as **Exhibit A** to this Application, verify that neither PSZJ nor any of its attorneys has any connection with any party in interest, or their attorneys or accountants, other than as set forth in the affidavits.

Except as provided in the affidavits, to the best of the Committee's knowledge, neither PSZJ, nor any of its attorneys, hold or represent any interest adverse to the Committee or the Debtor's estate in the matters on which they are to be retained. The Committee submits that its proposed employment of PSZJ is in the best interests of the Committee, the Debtor, and its estate and creditors.

To the best of the Committee's knowledge, and except as disclosed in the affidavits, PSZJ has had no other prior connection with the Debtor, its creditors or any other party in interest. The Stang Affidavit sets forth PSZJ's prepetition consultation with the attorneys representing abuse survivors with prepetition claims against the Debtor and the compensation received from the Debtor for that representation. Upon information and belief, PSZJ does not hold or represent any interest adverse to the Debtor's estate or the Committee in the matters upon which it has been and is to be engaged.

PSZJ may represent, or may have represented, debtors, creditors' committees, or trustees in Cases or proceedings against creditors of the Debtor that are unrelated to this Case. However, those matters do not present a conflict in this Case.

The Firm has represented, represents, and in the future will likely represent creditors, creditors' committees and settlement trustee in Cases unrelated to the Debtor and this Case wherein one or more of the firms representing the members of the Committee or other parties in interest serve as or will serve as counsel to creditors.

**7.     Notice**

Notice of this Application has been given to the U.S. Trustee; counsel to the Debtor and all parties that filed a notice of appearance in this Case as of the date hereof. In light of the

nature of the relief requested herein, the Committee submits that no other or further notice is required.

### 8. No Prior Request

No prior application for the relief sought herein has been made to this or any other court.

WHEREFORE, the Committee request that this Court enter an order in this Case approving the employment of Pachulski Stang Ziehl & Jones LLP, as counsel to the Committee effective May 5, 2017 in this Case and granting such other and further relief as are just and proper.

Dated: 05/05/, 2017

_____
Deric Sherman
Member of the Committee of Unsecured Creditors

# EXHIBIT A

DOCS_LA:305690.3 18488/001

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Roman Catholic Bishop of Great Falls, Montana, | ) Bankruptcy Case No. 17-60271-BPH |
| a Montana Religious Corporation Sole | ) |
| (Diocese of Great Falls - Billings), | ) |
| | ) |
| Debtor-in-Possession | ) |

**AFFIDAVIT OF JAMES I. STANG (PROPOSED PROFESSIONAL) IN SUPPORT OF APPLICATION OF THE COMMITTEE OF UNSECURED CREDITORS OF AN ORDER, PURSUANT TO 11 U.S.C. §§ 327 AND 1103, AND FED. R. BANKR. P. 2014, AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF PACHULSKISTANG ZIEHL & JONES LLP AS COUNSEL EFFECTIVE MAY 5, 2017**

STATE OF CALIFORNIA  )
                     ) ss
County of Los Angeles )

James I. Stang, being duly sworn upon his oath, deposes and states:

1. I am an attorney with the law firm Pachulski Stang Ziehl & Jones LLP.

2. Except as set forth in the affidavit of James I. Stang attached to the application of Pachulski Stang Ziehl & Jones LLP to be employed as counsel to the Official Committee of Unsecured Creditors, I have no connection with the Debtor-in-Possession, creditors, or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee and I am a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

3. My hourly rate for services provided in this case is $1,050.

4. I hold no retainer in trust and I am owed no pre-petition fees for any outstanding invoices. I will seek compensation and payment only upon notice and application to the Court.

DOCS_LA:305609.2 18488/001

5.      There is no agreement of any nature as to any sharing of any compensation to be paid to Pachulski Stang Ziehl & Jones LLP.

Dated this 5th day of May, 2017.

                                                                                       /s/ James I. Stang
                                                                                      James I. Stang

**CA JURAT W/AFFIANT STATEMENT:**                                    **GOV'T CODE § 8202**

> A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California          )
County of Los Angeles    )

Subscribed and sworn to (or affirmed) before me on this 5th day of May, 2017, by James I. Stang and proved to me on the basis of satisfactory evidence to be the person whose appeared before me.

Notary Public: MELISA DESJARDIEN
My Commission Expires: 11/27/17

MELISA DESJARDIEN
Commission # 2047359
Notary Public - California
Los Angeles County
My Comm. Expires Nov 27, 2017

James I. Stang (CA State Bar #94435)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
Phone: (310) 277-6910
Fax: (310) 201-0760
Email: jstang@pszjlaw.com

Proposed Attorneys to Committee of Unsecured Creditors

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re: | Chapter 11 |
| Roman Catholic Bishop of Great Falls, Montana, a Montana Religious Corporation Sole (Diocese of Great Falls - Billings), | Bankruptcy Case No. 17-60271-JDP |
| Debtor-in-Possession | |

**AFFIDAVIT OF KENNETH H. BROWN (PROPOSED PROFESSIONAL) IN SUPPORT OF APPLICATION OF THE COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER, PURSUANT TO 11 U.S.C. § § 327 AND 1103, AND FED. R. BANKR. P. 2014, AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL EFFECTIVE MAY 5, 2017**

DOCS_SF:93885.2 18488/001

STATE OF CALIFORNIA )
 ) ss
County of San Francisco )

Kenneth H. Brown, being duly sworn upon his oath, deposes and states:

1. I am an attorney with the law firm Pachulski Stang Ziehl & Jones LLP.

2. Except as set forth in the affidavit of James I. Stang attached to the application of Pachulski Stang Ziehl & Jones LLP to be employed as counsel to the Official Committee of Unsecured Creditors, I have no connection with the Debtor-in-Possession, creditors, or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee and I am a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

3. My hourly rate for services provided in this case is $650.

4. Except as set forth in the affidavit of James I. Stang attached to the application of Pachulski Stang Ziehl & Jones LLP to be employed as counsel to the Committee of Unsecured Creditors, I hold no retainer in trust and I am owed no pre-petition fees for any outstanding invoices. I will seek compensation and payment only upon notice and application to the Court.

5. There is no agreement of any nature as to any sharing of any compensation to be paid to Pachulski Stang Ziehl & Jones LLP.

Dated this 4th day of May, 2017.

_____
Kenneth H. Brown

**CA JURAT W/AFFIANT STATEMENT:** **GOV'T CODE § 8202**

*A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.*

State of California )
County of San Francisco )

Subscribed and sworn to (or affirmed) before me on this 4th day of May, 2017, by Kenneth H. Brown and proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Notary Public: Priscilla Rebecca Rosales
My Commission Expires: 1-1-21

See attached jurat for Notary Seal

**CALIFORNIA JURAT WITH AFFIANT STATEMENT**  GOVERNMENT CODE § 8202

☐ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–6 to be completed only by document signer[s], *not* Notary)

1. _____
2. _____
3. _____
4. _____
5. _____
6. *Kenneth H. Brown* _____     _____
   Signature of Document Signer No. 1              Signature of Document Signer No. 2 (if any)

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of *San Francisco*

Subscribed and sworn to (or affirmed) before me on this *4th* day of *May*, 20*17*,
by
(1) *Kenneth H. Brown*
(and (2) _____ ),
Name(s) of Signer(s)

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____
Signature of Notary Public

[Notary Seal: PRISCILLA REBECCA ROSALES, Notary Public – California, San Francisco County, Commission # 2178098, My Comm. Expires Jan 1, 2021]

Seal
Place Notary Seal Above

─────────────── OPTIONAL ───────────────
*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: *Affidavit*   Document Date: *5/4/17*
Number of Pages: *3*   Signer(s) Other Than Named Above: _____

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5910

James I. Stang (CA State Bar #94435)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
Phone: (310) 277-6910
Fax: (310) 201-0760
Email: jstang@pszjlaw.com

Proposed Attorneys to Committee of Unsecured Creditors

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re: | Chapter 11 |
| Roman Catholic Bishop of Great Falls, Montana, a Montana Religious Corporation Sole (Diocese of Great Falls - Billings), | Bankruptcy Case No. 17-60271-JDP |
| Debtor-in-Possession | |

**AFFIDAVIT OF ILAN D. SCHARF (PROPOSED PROFESSIONAL) IN SUPPORT OF APPLICATION OF THE COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER, PURSUANT TO 11 U.S.C. §§ 327 AND 1103, AND FED. R. BANKR. P. 2014, AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL EFFECTIVE MAY 5, 2017**

STATE OF New York        )
                         ) ss
County of New York       )

Ilan D. Scharf, being duly sworn upon his oath, deposes and states:

1. I am an attorney with the law firm Pachulski Stang Ziehl & Jones LLP.

2. Except as set forth in the affidavit of James I. Stang attached to the application of Pachulski Stang Ziehl & Jones LLP to be employed as counsel to the Official Committee of Unsecured Creditors, I have no connection with the Debtor-in-Possession, creditors, or any other

DOCS_LA:305692.1 18488/001

party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee; and I am a "disinterested person" as defined in 11 U.S.C. 101(14).

3. My hourly rate for services provided in this case is $650.

4. Except as set forth in the affidavit of James I. Stang attached to the application of Pachulski Stang Ziehl & Jones LLP to be employed as counsel to the Committee of Unsecured Creditors, I hold no retainer in trust and I am owed no pre-petition fees for any outstanding invoices. I will seek compensation and payment only upon notice and application to the Court.

5. There is no agreement of any nature as to any sharing of any compensation to be paid to Pachulski Stang Ziehl & Jones LLP except among the partners, of counsel, and associates of the Firm.

Dated this 4th day of May, 2017.

_____
Ilan D. Scharf

**JURAT W/AFFIANT STATEMENT:**                                          **GOV'T CODE § 8202**

*A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.*

State of New York        )
County of New York     )

Subscribed and sworn to (or affirmed) before me on this 4th day of May, 2017, by Ilan D. Scharf and proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

_____
Notary Public: 01BR6159074
My Commission Expires: Jan. 16, 2019

G. KAREN BROWN
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01BR6159074
Qualified in Queens County
Commission Expires Jan. 16, 2019

DOCS_LA:305692.1 18488/001                                   2

# CERTIFICATE OF SERVICE

Pursuant to F.R.C.P. 5(b)(3), F.R.B.P. 9036 and LBR 7005-1, 9013-1(c), I hereby certify that service of the foregoing "*APPLICATION OF THE COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER, PURSUANT TO 11 U.S.C. §§ 327 AND 1103, AND FED. R. BANKR. P. 2014, AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL EFFECTIVE MAY 5, 2017*" will be made on May 5, 2017 as follows:

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

PACHULSKI STANG ZIEHL & JONES LLP

By: /s/ *James I. Stang*
James I. Stang