Ford Elsaesser, ISB #2205
Bruce A. Anderson, ISB #3392
ELSAESSER JARZABEK ANDERSON
ELLIOTT & MACDONALD, CHTD.
Attorneys at Law
320 East Neider Avenue, Suite 102
Coeur d'Alene, ID 83815
Tel:    (208) 667-2900
Fax:    (208) 667-2150
E-mail: brucea@ejame.com

Attorneys for Debtor-in-Possession

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re:<br><br>Roman Catholic Bishop of Great Falls, Montana, a Montana Religious Corporate Sole (Diocese of Great Falls),<br><br>　　　　Debtor-in-Possession. | Case No.: 17-60271<br><br>Chapter 11 |

## AMENDED
## APPLICATION TO APPROVE EMPLOYMENT OF REALTOR; AND AFFIDAVIT

The Amended Application of Debtor-in-Possession in the bankruptcy for the above-entitled estate respectfully represents:

1.　　On the 31st of March, 2014, Debtor-in-Possession filed a petition under Chapter 11 of the Bankruptcy Code.

2.　　Debtor-in-Possession wishes to employ Matt Robertson of NAI Business Properties, in the capacity of Realtor for the Debtor-in-Possession in this case to sell Our Lady of Guadalupe Church, 523 South 29th Street, Billings, Montana.

3. Applicant has selected Matt Robertson for the following reasons: Matt Robertson is an experienced realtor, is familiar with the subject property and has experience in marketing the subject property. Employment of this realtor will result in the efficient and economical marketing and sale of the subject property to maximize funds to benefit the estate and its creditors.

4. The professional services that Matt Robertson is to render include: advertising, listing and showing property to procure an offer to purchase.

5. To the best of Applicant's knowledge, Matt Robertson has no connections with the creditors, or any other party in interest, or their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, and is a "disinterested person" as defined in 11 U.S.C. §101(14). Matt Robertson has been approved for employment as realtor to sell Holy Rosary Church and School at Docket No. 45.

6. The terms of employment of Matt Robertson agreed to by the Debtor-in-Possession, subject to the approval of the Court are:

    a. Subject to the approval of any application for compensation by this Court, the proposed arrangement for compensation of the Realtor shall be as follows: Debtor-in-Possession has agreed to pay a 5% commission of the sales price paid or 6% of gross leased amount, if leased. See attached Exhibit 1 - Exclusive Right to Sell Real Estate.

7. Matt Robertson represents no interest adverse to the Debtor-in-Possession or the estate in the matters upon which he is to be engaged and Matt Roberson's employment as Realtor would be in the best interest of this estate.

/

/

/

**AMENDED
APPLICATION TO APPROVE EMPLOYMENT
OF REALTOR; AND AFFIDAVIT - 2**

WHEREFORE, the Debtor-in-Possession prays that the Court enter an order approving the employment of Matt Robertson, to serve as Realtor to the Debtor-in-Possession under the terms specified herein.

DATED this 5th day of May, 2017.

                                    ELSAESSER JARZABEK ANDERSON
                                    ELLIOTT & MACDONALD, CHTD.

                                    /s/ Bruce A. Anderson
                                    Bruce A. Anderson
                                    Attorney for Debtor-in-Possession

**AMENDED
APPLICATION TO APPROVE EMPLOYMENT
OF REALTOR; AND AFFIDAVIT       - 3**

## AFFIDAVIT OF MATT ROBERTSON

STATE OF MONTANA    )
                    ):ss
County of Yellowstone )

Matt Robertson, being duly sworn upon his oath, deposes and states:

1. I am a Realtor/Broker with NAI Business Properties, whose address is:

> NAI Business Properties
> 3312 4th Ave N
> Billings, MT 59101
> Phone (406) 256-5000
> Facsimile (406) 256-9494

2. I have 10 years experience in the real estate market, and specialize in actively selling and leasing commercial real estate in eastern Montana. I am very familiar with this property and have been actively marketing it for in excess of 13 months.

3. I and NAI Business Properties have no connections with the Debtor, creditors, or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any other person employed in the office of the United States Trustee; and I and NAI Business Properties are a "disinterested person" as defined in 11 U.S.C.§101(14).

4. I represent no interest adverse to the Debtor-in-Possession or the estate in the matters upon which I am to be engaged.

//

//

//

//

AMENDED
APPLICATION TO APPROVE EMPLOYMENT
OF REALTOR; AND AFFIDAVIT       - 4

5.  I have received no general retainer. I will seek compensation and payment only upon notice and application to the Court.

                                                                                       MATT ROBERTSON

Subscribed and sworn to before me this ___5___ day of May, 2017.

MICHELLE HOBBS
NOTARY PUBLIC for the
State of Montana
Residing at Laurel, Montana
My Commission Expires
April 22, 2021

Notary Public in and for ___MT___
Residing at: ___Laurel___
Commission expires: ___4-22-21___

**AMENDED**
**APPLICATION TO APPROVE EMPLOYMENT**
**OF REALTOR; AND AFFIDAVIT** - 5

## CERTIFICATE OF SERVICE

I, Bruce A. Anderson, declare as follows:

I am employed by Elsaesser Jarzabek Anderson Elliott & Macdonald, Chtd., Coeur d'Alene, Idaho; I am over the age of eighteen years and not a party to this action; the firm's business address is 320 East Neider Avenue, Suite 102, Coeur d'Alene, Idaho 83815.

I certify that on May 5, 2017, a copy of the foregoing Application to Approve Employment of Realtor; and Affidavit was served on all ECF participants as indicated on the Court's ECF system.

Additionally, by regular first class mail, I mailed a copy to the following non-ECF Plaintiff's attorneys in all tort cases as follows:

Timothy Kosnoff, Kosnoff Law, Metro Office Park, Metro Park 7, Street 1, Ste 204 Guyanabo, San Juan, Puerto Rico 00968
Daniel Fasy, Fasy Law, 1752 NW Market St., #1502, Seattle, WA 98107
Joseph Blumel III, Law offices of Joseph A. Blumel III, 4407 N. Division Street, Suite 900, Spokane, WA 99207
Lee James and Craig Vernon, James, Vernon and Weeks, 1626 Lincoln Way, Coeur d'Alene, ID 83814

Additionally, by regular first class mail, I mailed a copy to the following:

Internal Revenue Service
Centralized Insolvency Operation
Post Office Box 7346
Philadelphia, PA 19101-7346

Montana Department of Revenue
PO Box 7701
Helena MT 59604-7701

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: May 5, 2017

ELSAESSER JARZABEK ANDERSON
ELLIOTT & MACDONALD, CHTD.

/s/ Bruce A. Anderson
Bruce A. Anderson

**AMENDED
APPLICATION TO APPROVE EMPLOYMENT
OF REALTOR; AND AFFIDAVIT** - 6

# NAI BUSINESS PROPERTIES
# EXCLUSIVE RIGHT-TO-SELL LISTING CONTRACT
# COMMERCIAL AND INVESTMENT PROPERTIES

THIS FORM HAS IMPORTANT LEGAL CONSEQUENCES. IF NOT UNDERSTOOD, THE PARTIES SHOULD CONSULT LEGAL, TAX, OR OTHER COUNSEL BEFORE SIGNING. COMPENSATION CHARGED BY REAL ESTATE BROKERS IS NOT SET BY LAW. CHARGES ARE NEGOTIATED BETWEEN EACH REAL ESTATE BROKER AND SELLER.

Date: **5/2/2017**

Described real estate (the "Property") situated in the City or Town of **Billings** County of **Yellowstone** Montana, commonly known as: **523 South 29th Street**, and more particularly described as: **BILLINGS ORIGINAL TOWNSITE, S03, T01 S, R26 E, BLOCK 211, Lot 7 – 12 + 12A**

1. **Seller Authorization.**
   A. Seller hereby grants to Broker an exclusive right to sell such property within said time at the price and on the terms herein stated, or at such other price and terms which may be accepted by Seller.
   B. Seller further authorizes Broker, at Broker's expense, to:
      (1) Accept earnest money deposits given as consideration for any purchase offers received and retain such deposits.
      (2) Advertise the Property.
      (3) Place a "For Sale" sign on the Property ☒ Yes ☐ No

2. **Price and Terms**
   The listing price shall be **$369,000.00** Payable upon the following terms and conditions: **Cash, New Loan**

   It is the intent of the Seller to do an exchange of the Property under section 1031 of the I.R.C. ☒ Yes ☐ No

3. **Compensation**
   A. Commission. In consideration of the services to be performed by Broker, Seller agrees to pay Broker a sales commission as follows:
      (i) **5** % of the gross sales price, payable at closing, or:
      (ii) _____
   B. When Earned. Such commission shall be earned upon the happening of any of the following:
      (1) Any sale of the property within the "Listing Period:" by Seller, by Broker, or by any other person. "Sale of the Property" or "Sale" means the voluntary transfer or exchange of any interest in the property.
      (2) Broker finding a Buyer who is ready, willing and able to complete the transaction as specified herein by Seller. The commission shall be due immediately upon Seller's refusal to accept the Buyer's full price or better offer.
      (3) Any sale of the Property within **45** calendar days ("Protection Period") from the expiration of the Listing Period including any extensions thereof. If, during the term of the above Protection Period, a valid Exclusive Right to Sell Listing Agreement is entered into with another licensed real estate Broker, this provision does not apply.
      (4) If the property is withdrawn from sale, transferred, conveyed, leased, or rendered unmarketable by a voluntary act of Seller, without the written consent of Broker, during the listing period or any extension of the Listing Period. **In case of a lease**, fee shall be determined as follows: **6% of Gross lease amount.**
   C. By this appointment, Seller agrees to conduct all negotiations for the sale of the Property only through Broker, and to refer to Broker all inquiries received in any form from real estate brokers, prospective buyer, tenants, during the time this Listing Contract is in effect.

4. **Expiration:** This exclusive contract expires on **5/20/2018** however, additional time thereafter is allowed to close any transaction on which earnest money is then deposited.

5. **Price to Include.**
   The listing price includes the following items if owned by Seller:
   A. The following items of personal property included in the sale are: ☐ Sign(s) ☐ Dumpster ☐ Security Deposit(s)

   ☐ Other: _____
   The above described items ("Inclusions") shall be conveyed by Seller to Buyer at closing by Bill of Sale, all in their present conditions, "as is, where is" without warranty of merchantability or fitness for a particular purpose
   B. The following items of personal property are excluded from the sale. _____

**EXHIBIT**
tabbies' ___

Page 1 of 4

6. **Title and Encumbrances**
Seller represents to Broker that title to the Property is solely in Seller's name. Seller shall deliver to Broker true copies of all relevant title materials, lease(s) and survey(s) in Seller's possession and shall disclose to Broker all easements, liens, assessment, S.I.D.'s taxes, and other encumbrances, if any, on the Property, of which Seller has knowledge. Seller agrees to convey, by a **Warranty Deed**, all Sellers' interest in the Property. All monetary encumbrances, (such as mortgages, deeds of trust, liens, financing statements,) shall be paid by Seller and released except as Seller and Buyer may otherwise agree.
If the Property has been or will be assessed for local improvements levied on the property or noticed by City or County, or installed at the time of signing a Sales Contract, Seller ☒ will ☐ will not be responsible for payment of same unless otherwise agreed.
Seller agrees to furnish Buyers, at Seller's expense, a policy for title insurance to the Property in the amount of the sale price.

7. **Proration.**
General taxes for the year of closing based on the taxes for the calendar year immediately preceding closing, rents, and interest on continuing loan(s), if any, and _____ shall be prorated to date of closing.

8. **Material Defects – Broker Disclosures – Inspection.**
Seller agrees that any defects of a material nature (such as structural defects; soil conditions; violations of zoning or building laws; nonconforming uses; and condemnation proceedings, etc.) known by Broker, must be disclosed by Broker to Buyers.

9. **Defaults and Remedies.**
In case either party engages an attorney's services in regard to this contract, or in case of suit or action on this contract, the prevailing party shall recover collection costs, court costs, and reasonable attorney's fees.

10. **Parties Agreements and Covenants.**
    A. Forfeiture of payments. In the event of a forfeiture of earnest money or payments made by a Buyer, and in addition to any other remedy in this agreement, the sums received shall be **divided between Broker and Seller**, one-half thereof to Broker, but not to exceed the commission agreed upon herein, and the balance to Seller.
    B. Modifications of this Listing Contract. No subsequent modification of any of the terms of this Listing Contract shall be valid, binding upon the parties, or enforceable unless made in writing and signed by the parties.
    C. Entire Agreement. This Listing Contract constitutes the entire agreement between the parties relating to the subject hereof, and any prior agreements pertaining thereto, whether oral or written, have been merged and integrated into this Listing Contract.

11. ~~**Mediation.**~~
~~If a dispute arises between the parties relating to this contract, the parties agree to submit the dispute to mediation. The parties will jointly appoint an acceptable mediator and will share equally in the cost of such mediator. If mediation proves unsuccessful, the parties may then proceed with such other means of dispute resolution as they so choose.~~

12. **Broker's Services.**
    1. Broker shall seek assistance, provide information, and offer compensation to other Brokers.
    2. Seller hereby acknowledges that Listing Broker (and his agents,) are acting as the Seller's agents in this transaction, but that the Listing Broker (and his agents,) may also act as a Dual Agent when disclosed in writing.
    3. Seller understands and agrees that NAI Business Properties is an active commercial real estate company and therefore may have properties, buyers, sellers, tenants, landlords and agents that compete with the undersigned.
    See "Initial Agency Disclosure" included as an addendum to this Agreement.

13. **Additional Provisions.** Listing agreement includes the Agreement to Sell and Purchase between Roman Catholic Bishop of Great Falls and Larry P. Noonan dated 3/15/2017.
Listing subject to U.S. Bankruptcy Court Approval.

---

Matt W. Robertson                                    Roman Catholic Bishop of Great Falls

_[signature]_  5-2-2017                              _[signature]_ Michael W Warfel  5-5-2017
Listing Broker/Agent    (Date)                       Seller                              (Date)

With the following changes this agreement is extended to: _____

Listing Broker/Agent    (Date)                       Seller                              (Date)

Page 2 of 4

## INITIAL AGENCY DISCLOSURE

This Initial Agency Disclosure (Disclosure) is given in conformance with Montana Code Annotated §37-51-314 and provides as follows:

1. **DESCRIPTION OF DUTIES OWED, AS SET FORTH IN MONTANA CODE ANNOTATED §37-51-313.**

    *a.    Seller/Owner Agent's Duties to the Seller/Owner.* A Seller/Owner agent is obligated to the Seller/Owner to act solely in the best interests of the Seller/Owner; obey promptly and efficiently all lawful instructions of the Seller/Owner; disclose all relevant and material information that concerns the real estate transaction and that is known to the Seller/Owner agent and not known or discoverable by the Seller/Owner, unless the information is subject to confidentiality arising from a prior or existing agency relationship on the part of the Seller/Owner agent; safeguard the Seller/Owner's confidences; exercise reasonable care, skill, and diligence in pursuing the Seller/Owner's objectives and in complying with the terms established in the listing agreement; fully account to the Seller/Owner for any funds or property of the Seller/Owner that comes into the Seller/Owner agent's possession; and comply with all applicable federal and state laws, rules, and regulations.

    *b.    Seller/Owner Agent's Duties to the Buyer/Tenant.* A Seller/Owner agent is obligated to the Buyer/Tenant to disclose to a Buyer/Tenant or the Buyer/Tenant agent any adverse material facts that concern the property and that are known to the Seller/Owner agent, except that the Seller/Owner agent is not required to inspect the property or verify any statements made by the Seller/Owner; disclose to a Buyer/Tenant or the Buyer/Tenant agent when the Seller/Owner agent has no personal knowledge of the veracity of information regarding adverse material facts that concern the property; act in good faith with a Buyer/Tenant and a Buyer/Tenant agent; and comply with all applicable federal and state laws, rules, and regulations.

    *c.    Buyer/Tenant Agent's Duties to the Buyer/Tenant.* A Buyer/Tenant agent is obligated to the Buyer/Tenant to act solely in the best interests of the Buyer/Tenant; obey promptly and efficiently all lawful instructions of the Buyer/Tenant; disclose all relevant and material information that concerns the real estate transaction and that is known to the Buyer/Tenant agent and not known or discoverable by the Buyer/Tenant, unless the information is subject to confidentiality arising from a prior or existing agency relationship on the part of the Buyer/Tenant agent; safeguard the Buyer/Tenant's confidences; exercise reasonable care, skill, and diligence in pursuing the Buyer/Tenant's objectives and in complying with the terms established in the Buyer/Tenant broker agreement; fully account to the Buyer/Tenant for any funds or property of the Buyer/Tenant that comes into the Buyer/Tenant agent's possession; and comply with all applicable federal and state laws, rules, and regulations.

    *d.    Buyer/Tenant Agent's Duties to the Seller/Owner.* A Buyer/Tenant agent is obligated to the Seller/Owner to disclose any adverse material facts that are known to the Buyer/Tenant agent and that concern the ability of the Buyer/Tenant to perform on any purchase offer; disclose to the Seller/Owner or the Seller/Owner agent when the Buyer/Tenant agent has no personal knowledge of the veracity of information regarding adverse material facts that concern the property; act in good faith with a Seller/Owner and a Seller/Owner agent; and comply with all applicable federal and state laws, rules, and regulations.

    *e.    Dual Agent's Duties to the Seller/Owner and the Buyer/Tenant.* A dual agent is obligated to a Seller/Owner in the same manner as a Seller/Owner agent and is obligated to a Buyer/Tenant in the same manner as a Buyer/Tenant agent under this section, except a dual agent has a duty to disclose to a Buyer/Tenant or Seller/Owner any adverse material facts that are known to the dual agent, regardless of any confidentiality considerations; and a dual agent may not disclose the following information without the written consent of the person to whom the information is confidential (i) the fact that the Buyer/Tenant is willing to pay more than the offered purchase price; (ii) the fact that the Seller/Owner is willing to accept less than the purchase price that the Seller/Owner is asking for the property; (iii) factors motivating either

party to buy or sell; and (iv) any information that a party indicates in writing to the dual agent is to be kept confidential.

*f.* ***Statutory Broker's Duties to the Seller/Owner and the Buyer/Tenant.*** A statutory broker is not the agent of the Buyer/Tenant or Seller/Owner but nevertheless is obligated to them to disclose to a Buyer/Tenant or a Buyer/Tenant agent any adverse material facts that concern the property and that are known to the statutory broker, except that the statutory broker is not required to inspect the property or verify any statements made by the Seller/Owner; a Seller/Owner or a Seller/Owner agent any adverse material facts that are known to the statutory broker and that concern the ability of the Buyer/Tenant to perform on any purchase offer; exercise reasonable care, skill, and diligence in putting together a real estate transaction; and comply with all applicable federal and state laws, rules, and regulations.

2. **DUAL AGENCY CONSENT.** IF A SELLER/OWNER AGENT IS ALSO REPRESENTING A BUYER/TENANT OR A BUYER/TENANT AGENT IS ALSO REPRESENTING A SELLER/OWNER WITH REGARD TO A PROPERTY, THEN A DUAL AGENCY RELATIONSHIP MAY BE ESTABLISHED. IN A DUAL AGENCY RELATIONSHIP, THE DUAL AGENT IS EQUALLY OBLIGATED TO BOTH THE SELLER/OWNER AND THE BUYER/TENANT. THESE OBLIGATIONS MAY PROHIBIT THE DUAL AGENT FROM ADVOCATING EXCLUSIVELY ON BEHALF OF THE SELLER/OWNER OR BUYER/TENANT AND MAY LIMIT THE DEPTH AND DEGREE OF REPRESENTATION THAT YOU RECEIVE. A BROKER OR A SALESPERSON MAY NOT ACT AS A DUAL AGENT WITHOUT THE SIGNED, WRITTEN CONSENT OF BOTH THE SELLER/OWNER AND THE BUYER/TENANT. BY INITIALING IN THE BLANKS PROVIDED BELOW SELLER/OWNER AND/OR BUYER/TENANT CONSENT THE UNDERSIGNED BROKER AND/OR SALESPERSON ACTING AS A DUAL AGENT.

_MWW_ Seller/Owners' Initials Indicating Consent to Dual Agency

_____ Buyer/Tenants' Initials Indicating Consent to Dual Agency

3. **DEFINITION OF ADVERSE MATERIAL FACT.** Montana Code Annotated §37-51-102(2) defines "Adverse material fact" as a fact that should be recognized by a broker or salesperson as being of enough significance as to affect a person's decision to enter into a contract to buy or sell real property and may be a fact that: (i) materially affects the value, affects structural integrity, or presents a documented health risk to occupants of the property; or (ii) materially affects the Buyer/Tenant's ability or intent to perform the Buyer/Tenant's obligations under a proposed or existing contract. The term does not include the fact that an occupant of the property has or has had a communicable disease or that the property was the site of a suicide or felony.

4. **IDENTIFICATION OF RELATIONSHIP DISCLOSED.** The undersigned Broker and/or Salesperson hereby disclose that their relationship with the undersigned Seller/Owner and/or Buyer/Tenant is that of a Seller/Owner Agent/Buyer/Tenant Agent/Dual Agent/Statutory Broker **(strike those not applicable)**.

5. **DATE.** This Initial Agency Disclosure is dated the _5th_ day of _May_, 2017

| SELLER/OWNER   BUYER/TENANT | BROKER/SALESPERSON |
|---|---|
| | **NAI Business Properties** |
| _[signature]_ | |
| Seller/Owner or Buyer/Tenant | By _[signature]_ |
| _[signature]_ | Broker |
| Seller/Owner or Buyer/Tenant | _____ 5/2/2017 |
| | Salesperson |

4