Ford Elsaesser, ISB #2205
Bruce A. Anderson, ISB #3392
ELSAESSER ANDERSON, CHTD.
Attorneys at Law
320 East Neider Avenue, Suite 102
Coeur d'Alene, ID  83815
Tel:    (208) 667-2900
Fax:    (208) 667-2150
Email: ford@eaidaho.com
        brucea@eaidaho.com

Attorneys for Debtor-in-Possession

UNITED STATES BANKRUPTCY COURT<br>
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re:<br><br>Roman Catholic Bishop of Great Falls, Montana, a Montana Religious Corporate Sole (Diocese of Great Falls),<br><br>Debtor-In-Possession. | Case No. 17-60271<br><br>Chapter 11 |

**MOTION FOR AUTHORIZATION TO SELL REAL PROPERTY (OUR LADY OF GUADALUPE), AND NOTICE**

**TO: CREDITORS AND PARTIES OF INTEREST:**

The Roman Catholic Bishop of Great Falls, Montana, a Religious Corporate Sole (Diocese of Great Falls) ("Diocese"), Debtor-in-Possession herein, proposes to sell certain real property known as "Our Lady of Guadalupe Church."

**I.  SUMMARY OF RELIEF REQUESTED**

The Diocese is proposing to sell Our Lady of Guadalupe Church building and residential real property to Hanson Development, LLC, for the sum of Two Hundred Ninety-Five Thousand Dollars ($295,000.00).  Hanson Development, LLC entered an Agreement to Sell and Purchase, subject to the approval of the United States Bankruptcy Court for the District of Montana

(Court), a copy of which is attached hereto as Exhibit A.  Such Agreement to Sell and Purchase will be extended, if necessary, to close after bankruptcy court approval.

The purchaser is an independent party by the name of Hanson Development, LLC.,

The net proceeds from the sale of Our Lady of Guadalupe Church and residence will be earmarked for Mary Queen of Peace Parish, and will be deposited into a debtor-in-possession account, and will bear interest.  Such account will not be used pending further order of the Court.

## II.  AUTHORITY FOR RELIEF REQUESTED

The Diocese seeks the relief contained in this Motion under the provisions of 11 U.S.C. § 363(b)(1), F.R.B.P. 6004 and Montana Local Bankruptcy Rule 6004-1.  The Diocese is seeking Court approval because the transactions proposed are outside the normal, and usual, ordinary course of business of the Diocese.

For the reasons explained hereinafter, the Diocese believes that the transactions sought to be approved hereunder, collectively referred to as the sale of the "Our Lady of Guadalupe Church" are in the best interest of the Creditors of the Diocese.

## III.  FACTUAL BACKGROUND

The Diocese proposes to sell the Our Lady of Guadalupe Church, and adjoining residential real property.  The Diocese will receive the entire purchase price net proceeds, which and will be deposited into a debtor-in-possession account, and will bear interest.  Such account will not be used pending further order of the Court.

The Our Lady of Guadalupe Church includes a church building and residential building.  There are two lots, one at 13,480 square feet, which houses the 7,135 square foot church building, which was built in 1953.  The church building is of wood framed construction, and is now vacant.  The adjacent lot is 6,065 square feet, and houses a single family home of wood frame construction, which is roughly 2,000 square feet.  The home was built in 1958.

The determination of the initial sales price of the property, which was $369,000.00, was determined from an appraisal done by Dave Thomas of Thomas Appraisals of approximately one year before listed.  There have been four offers on the property since December 1, 2015, three have been withdrawn, and the last is the offer that is before the Court today.  The property has been shown over thirty times, and marketed on LoopNet.  The property, Our Lady of Guadalupe Church, is one of three churches that have been consolidated into the Mary Queen of Peace Parish.

## IV.  BEST INTEREST OF CREDITORS OF THE ESTATE

The sale is of surplus assets of the Our Lady of Guadalupe Parish, which is being consolidated into the Mary Queen of Peace Parish.  The property is owned under Canon law by the Mary Queen of Peace Parish, but under civil law, the real property is titled in the name of the Diocese of Great Falls.  The sale of this property allows the church to continue its ministry by assisting the Parish in completing its part of the transaction, which is part of the overall consolidation of three sites into a single site.  Debtor-in-possession believes the property and any proceeds thereof are held in trust by Debtor for the Mary Queen of Peace Parish.  The proceeds will be segregated, held in debtor-in-possession account bearing interest, and not used until further order of the Court.

## V. SUMMARY OF THE SALE

a) A legal description of property to be sold, all located in Yellowstone County, Montana:

Lots 7A and 12A, of Amended Plat of Lots 7 through 12, Block 211, Original Town of Billings, in the City of Billings, Yellowstone County, Montana, according to the official plat on file in the office of the Clerk and Recorder of said County, under Document #3742063.

b) The sale is a private sale to Hanson Development, LLC, of what is known as Our Lady of Guadalupe Church, located in Billings, Yellowstone County, Montana.

c) Time and Place of Sale: Debtor-in-Possession intends to close no later than ten (10) days after Bankruptcy Court approval. Closing shall take place at American Title and Escrow, 1001 S. 24th St. West, Suite 200, Billings, Montana.

d) Terms of Sale: Purchase price is $295,000.00. Purchase price shall be full paid at closing.

e) Treatment of Existing Liens: No liens exist with the exception of unpaid real property taxes up to date of closing, which will be paid at closing, and normal encumbrances of record. A preliminary title commitment is attached as Exhibit B.

f) Value of Property to be Sold: Debtor-in-Possession estimates the value of the property to be sold at $295,000.00. See the Summary of Appraisal at Exhibit C.

g) Realtor's Commission: NAI Business Properties and Matt Robertson have been employed as realtor (Docket No. 98). Per listing agreement, NAI Business Properties is entitled to a commission of 5% of the sales price, or $14,750.00. NAI Business Properties shall make further application to be paid out of proceeds of sale.

h) Administrative Costs: ALL ESTIMATES: Title insurance and other closing costs are estimated at $5,000.00 and shall be paid at closing and out of proceeds of sale.

i) Authority for Conducting the Sale: The authorities as stated above include 11 U.S.C. § 363, F.R.B.P. 6004 and Montana Local Bankruptcy Rule 6004-1.

j) A proposed Order is attached as Exhibit D.

WHEREFORE, the Diocese moves the Court enter an Order pursuant to 11 U.S.C. § 363 (b) as follows:

1)  Approving the sale of Our Lady of Guadalupe property to Hanson Development, under the terms and conditions of the Agreement to Sell and Purchase, attached hereto as Exhibit A.

RESPECTFULLY SUBMITTED this _____ of February, 2018.

ELSAESSER ANDERSON, CHTD.

/s/ Bruce A. Anderson _____
Bruce A. Anderson
Attorney for Debtor-in-Possession

**MOTION FOR AUTHORIZATION TO SELL REAL PROPERTY**
**(OUR LADY OF GUADALUPE CHURCH), AND NOTICE  - 5**

**NOTICE OF OPPORTUNITY TO RESPOND AND REQUEST A HEARING**

**If you object to the relief in this motion or wish the Court reconsider its Order, you must file a written responsive pleading and request a hearing within fourteen (14) days of the date of the motion. The responding party shall schedule a hearing on the motion at least twenty-one (21) days after the date of the response and request for hearing and shall include in the caption of the responsive pleading in bold and conspicuous print the date, time and location of the hearing by inserting in the caption the following:**

**NOTICE OF HEARING**
**Date: _____**
**Time:_____**
**Location:_____**

**If no objections are timely filed, the Court may grant the relief requested as a failure to respond by any entity shall be deemed an admission that the relief requested should be granted.**

DATED this _16th_ day of February, 2018.

ELSAESSER JARZABEK ANDERSON
ELLIOTT & MACDONALD, CHTD.

/s/ Bruce A. Anderson
Bruce A. Anderson
Attorney for Debtor-In-Possession

## CERTIFICATE OF SERVICE

I, Bruce A. Anderson, declare as follows:

I am employed by Elsaesser Jarzabek Anderson Elliott & Macdonald, Chtd., Coeur d'Alene, Idaho; I am over the age of eighteen years and not a party to this action; the firm's business address is 320 East Neider Avenue, Suite 102, Coeur d'Alene, Idaho 83815.

I certify that on February 16, 2018, I served the foregoing on all ECF participants as indicated on the Court's ECF system.

Additionally, by regular first class mail, I mailed a copy to the parties on the attached MML*, and to confidential claimant C.E.

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: February 16, 2018                   /s/ Bruce A. Anderson
                                           Bruce A. Anderson


* The attached list will not be mailed out to creditors, but will be on file with the United States Bankruptcy Court. A copy will be provided upon request.

DocuSign Envelope ID: 99B18F25-4D3E-4225-BEB9-9EA9B4630713

# AGREEMENT TO SELL AND PURCHASE
### AND RECEIPT FOR EARNEST MONEY
### COMMERCIAL AND INVESTMENT PROPERTIES

Date  1/31/2018

**THE EXECUTION OF THIS AGREEMENT HAS IMPORTANT LEGAL CONSEQUENCES AND THE PARTIES SHOULD SEEK COMPETENT LEGAL ADVICE IF NOT UNDERSTOOD. THIS IS A LEGAL AND BINDING CONTRACT.**

## 1. PARTIES AND PROPERTY:

**Hanson Development, LLC**                                        Buyer, taking title as:

☐Joint tenants with rights of survivorship,    ☐Tenants in common,    ☐Single in his/her own name,    ☒Other   _a Colorado Company_

agrees to buy, and the Seller agrees to sell on the terms and conditions set forth in this Contract, the following described real property

in the City of  **Billings**                County of  **Yellowstone**              State of  **Montana**

Property commonly known as:  **523 S 29th St**

Legal description of the Property:  **Lot 7A & Lot 12A, Block 211, Billings Original Townsite [S03, T01 S, R26 E]**

If the legal description of the Property is not complete or is inaccurate, this Agreement shall not be invalid and the legal description shall be completed or corrected to meet the requirements of the title company referred to in Section 10.

## 2. PURCHASE PRICE AND TERMS:

The purchase price shall be $  **295,000.00**                                        payable in U.S. Dollars by Buyer as follows:

$ **5,000.00**   (A) **Earnest Money** in the form of   ☒Personal Check   ☐Cashiers Check   ☐Other   To be:

☐1) Held and not deposited until acceptance by all parties.

☒2) Deposited within 3 business days of acceptance.

Earnest Money to be held by  **American Title**          ☐ Broker   ☐Attorney   ☒Title Company

in a trust account on behalf of both Seller and Buyer. Broker is authorized to deliver the earnest money deposit to the closing agent, if any, at or before closing. Parties agree that interest accruing on earnest money, if any, while deposited shall be payable to Broker in consideration for services rendered. The undersigned sales representative hereby acknowledges receipt from Buyer of the above noted Earnest Money.

$ **290,000.00**   (B) **Cash at closing,** plus Buyer's closing costs, to be paid by Buyer at closing by cashier, certified check or electronic funds.

$ _____   (C) Seller to finance Buyer's purchase under the following terms and conditions:

$ _____   (D) Assumption of Existing Financing:

$ **295,000.00**   **TOTAL PURCHASE PRICE**

**Additional Provisions:**

This agreement is contingent on the US Bankruptcy court approval

## 3. PERSONAL PROPERTY AND FIXTURES:

The following personal property shall be included in this sale and transferred by Bill of Sale at closing.

☒Security Deposits   ☐Signs   ☐Dumpster(s)   ☐

The following personal property is leased and not included in the sale:

Fixtures: All permanently installed fixtures and fittings that are attached to the Property are included in the purchase price, such as electrical, plumbing, and heating fixtures, built in appliances, attached floor coverings, antennas, coolers or air conditioners,

Page 1 of 6

Buyers initials          Sellers initials

EXHIBIT
A

DocuSign Envelope ID: 99B18F25-4D3E-4225-BEB9-9EA9B4630713

mailbox, and trees and shrubs, if any, except _____
All personal property and fixtures sold with the Property described above are sold **"AS IS"** without warranty by the Seller, either expressed or implied **NO WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE IS MADE.**

**4. CLOSING AND RELATED PROVISIONS:**

(A) The date of closing shall be   **3/12/2018**                    The parties may, by mutual agreement, agree to close the transaction at any time prior to the date specified.  If third party financing is required by the terms of this Agreement (includes assumptions, contracts for deed, and lender financing), the closing shall occur on the date specified or as soon thereafter as financing is complete but no later than   **15**          days after the stated closing date.  Buyer and Seller will deposit with the closing agent all instruments and moneys necessary to complete the purchase in accordance with this Agreement.

(B) Possession and Keys: Seller shall deliver to Buyer possession of the Property and allow occupancy at the date of closing.

(C) Closing Costs, Documents and Services: Buyer and Seller shall pay their respective closing costs and all other items required to be paid at closing except as otherwise provided herein.  Buyer and Seller shall sign and complete customary or required document at or before closing.  Fees for real estate closing services shall be split equally between the Parties.

(D) Place of closing shall be:   **American Title** _____

**5. PRORATION:**

As of the date of closing Seller and Buyer agree to prorate current real estate taxes, pre-paid rents, current year assessments for special improvement debt that is assumed, and interest on any assumed loan(s), as well as:   _____

**6. CONTINGENCIES:**

The closing of this agreement and sale of the property between Buyer and Seller is contingent upon the following, with this sale to terminate and earnest money returned to the Buyer if not satisfied in writing on or before   **3/2/2018** _____
(Check those which apply)

☐ Buyer receipt of any City / County approval for proposed buildings / remodeling and related cost estimates.

☐ Buyer receipt of written City approval for Buyer's use of the property.

☐ Buyer receipt of acceptable zone change or special review.

☒ Buyer approval of preliminary title report including subdivision restrictions and S.I.D.'s, and future S.I.D.'s.

☐ Buyer approval of curb valve inspection report, condition of well & septic system, & of access to water/sewer/gas/elec. services.

☐ Buyer approval of Lead Base Paint, Radon, Asbestos and Mold Reports, and Americans with Disabilities Audit.

☐ Buyer approval of leases, contracts, income/expenses information, and owner's association/condo expense.

☐ Buyer approval of Property Condition and of subsoil conditions, measurements, access, ditches, and of floodplain exclusion.

☐ Buyer approval of:   ☐ Survey   ☐ Corner identification, Paid by   ☐ Buyer   ☐ Seller   ☐ Shared Equally.

☐ Buyer approval of Phase One Environmental Report, Cost paid by   ☐ Buyer   ☐ Seller   ☐ Shared Equally.

☐ Buyer closing of exchange property.

☒ Both parties attorney and accountant approval of this Agreement

☒ Buyer receipt of acceptable loan commitment.

☒    **Any due diligence deemed necessary by Buyer**

Buyer agrees to diligently pursue each contingency checked.  If Buyer shall fail to notify its Broker, Seller, or Seller's Broker, in writing, by the date noted above that the contingencies checked have not been satisfied then it shall be conclusively presumed that the Buyer has waived those contingencies for which no notice has been given.  If Buyer, after due diligence, shall timely Notify Seller, Buyer's Broker or Seller's Broker, in writing, of a deficiency, then in such event this Agreement shall terminate and Buyer shall be entitled to prompt return of Buyer's Earnest Money deposit, less escrow holder or title cancellation fees

The Seller shall have the option of:

a) Making said items operational

b) Giving the Buyer(s) a credit for the items, or

c) Canceling the Agreement to Sell and Purchase and refunding to the Buyer(s) any Earnest Money deposit or similar payments previously made to Seller.

Should Seller cancel the Agreement because of environmental condition, then Seller ☐ shall, ☒ shall not pay, or reimburse Buyer for the cost of the Phase One Environmental Audit

Buyers initials   /   Sellers initials

DocuSign Envelope ID: 99B18F25-4D3E-4225-BEB9-9EA9B4630713

**7. CONDITION OF PROPERTY AND RELATED ISSUES:**
Seller agrees that the Property shall be in the same condition, broom clean, normal wear and tear excepted, from the date of the execution of this Agreement up to the time Buyer takes possession of the Property. Seller has no knowledge of any notice of violations of City, County, State, Federal, Building Zoning, Fire, Health Codes or ordinances, condemnation, hazardous waste, underground storage tanks, special improvement districts or other governmental regulation filed or issued against the Property, except noted herein:

If the property is damaged by fire, hail, or other casualty prior to time of closing.  Seller ☒ shall be, ☐ shall not be obligated to repair the same **before the date of closing.**  If such damage is not repaired within said time, this Contract may be terminated at the option of the Buyer and the Earnest Money shall be returned to Buyer.  Should Buyer elect to carry out the Contract despite such damage, Buyer shall be entitled to credit for all the insurance proceeds resulting form such damage to the Property and Inclusions, not exceeding, however, the total purchase price.  Should any Inclusion(s) or service(s) fail or be damaged between the date of this Contract and the date of closing or the date of possession, whichever shall be earlier, then Seller shall be liable for the repair or replacement of such Inclusion(s) or service(s) with a unit of similar size, age, and quality, or an equivalent credit, less any insurance proceeds received by Buyer covering such repair or replacement. **Buyer agrees to accept property in "AS IS, WHERE IS" condition except as herein provided.**

**8. ASSIGNABILITY:**
~~This Contract shall not be assignable by Buyer without Seller's prior written consent, which assignment shall not be unreasonably withheld by Seller. Except as so restricted, this Contract shall inure to the benefit of and be binding upon the heirs, personal representatives, successors and assigns of the parties.~~

**9. CONVEYANCE:**
Seller shall convey the real Property by ___**Warranty Deed**___ including all interest of Seller in vacated alleys and streets, easements, other apportionments and improvements free of all liens and encumbrances except those described in the title insurance section of this agreement, and reservations or conveyances of record. All water rights, entitlements, claims, certificates and permits are included with the property, **with any transfer fees split equally.**

**10. TITLE INSURANCE:**
Seller, at Sellers expense, shall furnish Buyer title insurance from ___**American Title**___ (Title Company) pursuant to a standard form American Land Title Association title insurance commitment in the amount equal to the purchase price, committing to insure merchantable title to the real Property in Buyer's name, free and clear of all liens and encumbrances except: encumbrances hereinabove mentioned, zoning ordinances, building and use restrictions, reservations and exceptions in patents from the United States and the State of Montana, all standard ALTA exceptions, beneficial utility easements apparent or of record, other easements of record, real estate taxes for the year in which closing occurs, Special Improvement Districts (including rural SID's) either noticed to seller by the city / county but not spread, or currently assessed, if any which will be:
☒PAID OFF BY SELLER AT CLOSING                    ☐ASSUMED BY BUYER AT CLOSING.

The following loans _____ the following leases  **Residential Lease 523 S 29th St**
Should be assigned to Buyer at closing. If the Sellers title is not merchantable and cannot be made merchantable before the stated closing date, 30 ADDITIONAL DAYS SHALL BE ALLOWED FOR THE SELLER TO MAKE SUCH TITLE MERCHANTABLE.  If at that time the title is still not merchantable, this Contract may be terminated by Buyer with no penalty, and the earnest money will be returned to Buyer. Encumbrances to be discharged by Seller shall either be satisfied prior to closing or from Sellers' proceeds at time of closing.

**11. TAX DEFERRED EXCHANGE:** (check, where applicable)
☐Buyer herein acknowledges that it is the intention of Seller to create IRC Section 1031 tax deferred exchange and that Seller's rights and obligations under this agreement may be assigned to facilitate such exchange.  Buyer agrees to cooperate with Seller in any manner necessary to enable Seller to qualify for said exchange at no additional cost or liability to Buyer, including the execution of an Assignment Agreement.
☐Seller herein acknowledges that it is the intention of Buyer to complete IRC Section 1031 tax deferred exchange and that Buyer may assign his rights and obligations under this agreement for the purpose of completing such exchange.  Seller agrees to cooperate with Buyer in any manner necessary in order to complete said exchange at no additional cost or liability to Seller, including the execution of an Assignment Agreement.

**12. STATUTORY DISCLOSURES:**
METHAMPHETAMINE: If the property is inhabitable real property, the Seller represents to the best of Seller's knowledge that the Property ☐ has ☒ has not been used as a clandestine Methamphetamine drug lab. If the Property has been used as a clandestine Methamphetamine drug lab Seller agrees to execute and provide any documents or other information that may be required under Montana law concerning the use of the Property

Page 3 of 6

Buyers initials  /  Sellers initials

DocuSign Envelope ID: 99B18F25-4D3E-4225-BEB9-9EA9B4630713

as a clandestine Methamphetamine drug lab.

**RADON:** Radon is a naturally occurring radioactive gas that, when it has accumulated in a building in sufficient quantities, may present health risks to persons who are exposed to it over time. Levels of radon that exceed federal guidelines have been found in buildings in Montana. Additional information regarding radon and radon testing may be obtained from your county or state public health unit. Buyer acknowledges receipt of a copy of this statement prior to entering into the agreement to sell and purchase – commercial

If the Property is inhabitable real property as defined in the Montana Radon Control Act, Seller(s) represent that to the best of Seller's knowledge the Property ☐ has  ☒ has not been tested for radon gas and/or radon progeny and the Property ☐ has  ☒ has not received mitigation or treatment for the same. If the Property has been tested for radon gas and/or radon progeny, Seller agrees to provide, as available, test results to Broker along with any evidence of mitigation or treatment.

**LEAD-BASED PAINT:  If a residential dwelling exists on the Property and was built before the year** 1978, the Seller ☐ has  ☒ has no knowledge of lead-based paint and/or lead-based paint hazards on the Property. If Seller has knowledge of lead-based paint and/or lead-based paint hazards on the Property Seller agrees to provide all pertinent reports and records concerning that knowledge. Seller acknowledges that the Broker has advised the Seller of Seller's obligation to make lead-based paint disclosures and Broker's obligation to ensure that the Seller satisfies this obligation.

**MOLD:** If the Property is inhabitable real property as defined in the Montana Mold Disclosure Act the Seller represents to the best of Seller's knowledge that the Property ☐ has  ☒ has not been tested for mold and that the Property ☐ has  ☒ has not received mitigation or treatment for mold. If the Property has been tested for mold or has received mitigation or treatment for mold Seller agrees to provide any documents or other information that may be required under Montana law concerning such testing, treatment or mitigation.

**MEGAN'S LAW:** Pursuant to the provisions of Title 46, Chapter 23, Part 5 of the Montana Code Annotated, certain individuals are required to register their address with the local law enforcement agencies as part of Montana's Sexual and Violent Offender Registration Act. In some communities, law enforcement offices will make the information concerning registered offenders available to the public. If you desire further information please contact the local County Sheriff's office, the Montana Department of Justice, in Helena, Montana, and the probation officers assigned to the area.

**13. TIME OF ESSENCE / REMEDIES:**
Time is of the essence hereof. If any note or check received as Earnest Money hereunder or any other payment due hereunder is not paid, honored or tendered when due, or if any other obligation hereunder is not performed or waived as herein provided, there shall be the following remedies:

    **(A)** If Buyer is in default: If Seller accepts the offer contained in this Agreement and Buyer refuses or neglects to consummate the transaction within the time period provided in this agreement, Seller may:

        1) Declare the earnest money paid by Buyer to Broker to be forfeited to Seller as liquidated damages, which sum the parties agree is a reasonable sum, as the actual damages to Seller would be extremely difficult or impractical to ascertain; **or**

        2) Demand that Buyer specifically perform Buyer's duties and obligations under this Agreement; **or**

        3) Demand Buyer pay monetary damages for Buyer's failure to perform the terms of this Agreement.

    **(B)** If Seller is in default: If Seller fails to accept the offer contained in this Agreement within the time period provided, all earnest moneys shall be returned to Buyer. If Seller accepts the offer contained in this Agreement but refuses or neglects to consummate the transaction within the time period provided in this Agreement, Buyer may:

        1) Demand immediate repayment of all moneys that Buyer has paid to Broker as earnest money, and upon return of such money the rights and duties of Buyer and Seller under this agreement shall be terminated.

        2) Demand that Seller specifically perform Seller's obligations under this Agreement; **or**

        3) Demand monetary damages from Seller for Seller's failure to perform the terms of this Agreement.

**14. EARNEST MONEY DISPUTE:**
Notwithstanding any termination of this Contract, Buyer and Seller agree that, in the event of any controversy regarding the Earnest Money and things of value held by Broker or Closing Agent, unless mutual written instructions are received by the holder of the Earnest Money and things of value, Broker or Closing Agent shall not be required to take any action but may await any proceeding, or at Broker's or Closing Agent's option and sole discretion, may interplead all parties and deposit any moneys or things of value into a court of competent jurisdiction  and shall recover court costs and reasonable attorney fees.

**15. BUYER'S CERTIFICATION:**
By entering into this Agreement, each person or persons executing this Agreement as Buyer represents that he/she is eighteen (18) years of age or older, of sound mind, and legally competent to own real property in the State of Montana; and if acting on behalf of a corporation, partnership, or other non-human entity, that he/ she is duly authorized to enter into the Agreement on behalf of such entity.

Page 4 of 6

Buyers initials       Sellers initials

DocuSign Envelope ID: 99B18F25-4D3E-4225-BEB9-9EA9B4630713

**16. SELLER'S CERTIFICATION:**

By entering into this Agreement, each person or persons executing this Agreement as Seller represents that he/she is eighteen (18) years of age or older, of sound mind, and legally entitled at this time to transfer title to the real property free and clear of all liens and encumbrances except those described in this Agreement; and if acting on behalf of a corporation, partnership, or other non-human entity, that he/she is duly authorized to enter into the Agreement on behalf of such entity.

17. ALTERNATIVE DISPUTE RESOLUTION:

MEDIATION: If a dispute arises between the parties relating to this Contract, the parties may agree to submit the dispute to mediation. The parties may jointly appoint an acceptable mediator and may share equally in the cost of such mediator. If mediator proves unsuccessful, the parties may then proceed with such other means of dispute resolution as they so chose.

**18. ATTORNEY'S FEES:**

If either party defaults in its performance of this Agreement and the other party employs an attorney because of such default, the defaulting party agrees to pay, on demand, all costs, charges, and expenses, including reasonable attorney's fees, reasonably incurred at any time by the other party because of the default.

**19. ENTIRE CONTRACT:**

All prior Agreements between the parties are incorporated in this Agreement, which constitutes the entire Contract. Its terms are intended by the parties as a final expression of their Agreement with respect to such terms as are included herein and may not be contradicted by evidence of any prior Agreement or contemporaneous oral Agreement. The parties further intend that this Agreement constitutes the complete and exclusive statement of its terms and that no extrinsic evidence whatsoever may be introduced in any judicial or arbitration proceeding, if any involving this Agreement. If any portion of this Agreement shall be held to be void or unenforceable, the balance hereof shall nonetheless be effective. This Agreement shall be governed by the laws of the State of Montana and shall be binding upon the heirs, successors and permit assigns of the parties.

**20. BROKER RELATIONSHIPS:**   The following agency relationship(s) are hereby confirmed for this transaction.

Listing Agent   __Matt Robertson | NAI__          ☒Is the agent of (check one): ☒Seller exclusively
                    (Print Agent name)                              ☐Both /Buyer & Seller

Selling Agent   __Rica Dombrovski | NAI__          ☒Is the agent of (check one): ☒Buyer exclusively
                    (Print Agent name)                              ☐Both /Buyer & Seller

**21. ADDENDUM ATTACHED:**   _____

**22. CONSENT TO DISCLOSE:** Buyer and Seller hereby consent to the procurement and disclosure by Buyer, Seller, Broker, and their attorneys, closing agents, and other parties having interest essential to this Agreement, of any and all information reasonably necessary to consummate the transaction described in this Agreement, specifically including access to escrow agents and lenders for review of contracts, deeds, trust indentures, inspections, or similar documents of prior transaction concerning this property or underlying obligations pertaining thereto.

**23. COUNTERPARTS / FACSIMILE:**

A copy of this document may be executed by each party, separately, and when each party has executed a copy thereof, such copies taken together shall be deemed to be a full and complete Contract between the parties. The parties agree that a facsimile copy of this Agreement to Sell and Purchase which contains the parties' signatures may be used as the original.

**24. BUYER'S COMMITMENT:**

Buyer agrees to purchase the above described Property on the terms and conditions set forth in the above offer and grants said sales Representative until __2/1/2018__ at __4:00pm__ to secure Seller's written acceptance. Buyer may withdraw this offer at anytime prior to Seller's written acceptance. If Seller has not accepted by the time specified, this offer is automatically withdrawn. Buyer hereby acknowledges receipt of a copy of this Agreement of Sell and Purchase-Commercial and Investment Properties, bearing Buyer's signature(s)and that Buyers have read and understand this Agreement.

Buyer's Phone:   __406-670-2557__          Buyer's Signature: Chandra L. Hanson _____
                                                     DocuSigned by:
                                                     D8047260F8A74DC...

Page 5 of 6                                          CH    BEH   /   knvw
                                                     Buyers initials   Sellers initials

DocuSign Envelope ID: 99B18F25-4D3E-4225-BEB9-9EA9B4630713

Address: _____  Buyer's Signature: *Bradley E. Hanson*

**25. SELLER'S COMMITMENT:**
Seller agrees to sell and convey to Buyer the above-described Property on the terms and conditions hereinabove stated.
Seller acknowledges receipt of a copy of this Agreement bearing the signature(s) of Buyer and Seller.

Dated this _____ 7th _____ day of ___February, 2018___ At ___10:00___ (am) pm.

Seller's Phone: __406-727-6683__  Seller's Signature: *Michael Willaufd*
121 23rd st S

Address: __Great Falls, MT 59401__  Seller Signature: _____

**26. DELIVERY TO BUYER OF A COPY OF ACCEPTED OFFER** (use one of the following:)

Date _____   _____   Date _____   _____
The undersigned buyer acknowledges receipt of a copy of this Contract   A copy of this Contract bearing Buyer(s) signature and that of the
bearing his / her signature and that of the Seller.   lSeller(s) was sent via ordinary or certified mail to Buyer.

_____   _____
Buyer   Agent

**ACTION TAKEN, IF OTHER THAN ACCEPTANCE:**
I/We acknowledge receipt of this agreement bearing my/our initial(s) and the signature(s) of the Buyer(s) named above.

☐ Rejected by the Seller _____ / _____ / _____   ☐ Modified per Attached Counter _____ / _____ / _____
  Seller's Initials   Date   Seller's Initials   Date

Page 6 of 6

Buyers initials _____ / _____   Sellers initials _____

# ALTA Commitment for Title Insurance



Issued By Old Republic National Title Insurance Company

## NOTICE

**IMPORTANT—READ CAREFULLY:** THIS COMMITMENT IS AN OFFER TO ISSUE ONE OR MORE TITLE INSURANCE POLICIES. ALL CLAIMS OR REMEDIES SOUGHT AGAINST THE COMPANY INVOLVING THE CONTENT OF THIS COMMITMENT OR THE POLICY MUST BE BASED SOLELY IN CONTRACT.

THIS COMMITMENT IS NOT AN ABSTRACT OF TITLE, REPORT OF THE CONDITION OF TITLE, LEGAL OPINION, OPINION OF TITLE, OR OTHER REPRESENTATION OF THE STATUS OF TITLE. THE PROCEDURES USED BY THE COMPANY TO DETERMINE INSURABILITY OF THE TITLE, INCLUDING ANY SEARCH AND EXAMINATION, ARE PROPRIETARY TO THE COMPANY, WERE PERFORMED SOLELY FOR THE BENEFIT OF THE COMPANY, AND CREATE NO EXTRACONTRACTUAL LIABILITY TO ANY PERSON, INCLUDING A PROPOSED INSURED.

THE COMPANY'S OBLIGATION UNDER THIS COMMITMENT IS TO ISSUE A POLICY TO A PROPOSED INSURED IDENTIFIED IN SCHEDULE A IN ACCORDANCE WITH THE TERMS AND PROVISIONS OF THIS COMMITMENT. THE COMPANY HAS NO LIABILITY OR OBLIGATION INVOLVING THE CONTENT OF THIS COMMITMENT TO ANY OTHER PERSON.

### COMMITMENT TO ISSUE POLICY

Subject to the Notice; Schedule B, Part I—Requirements; Schedule B, Part II—Exceptions; and the Commitment Conditions, Old Republic National Title Insurance Company, a Florida Corporation (the "Company"), commits to issue the Policy according to the terms and provisions of this Commitment. This Commitment is effective as of the Commitment Date shown in Schedule A for each Policy described in Schedule A, only when the Company has entered in Schedule A both the specified dollar amount as the Proposed Policy Amount and the name of the Proposed Insured.

If all of the Schedule B, Part I—Requirements have not been met within 6 months after the Commitment Date, this Commitment terminates and the Company's liability and obligation end.

*This page is only a part of a 2016 ALTA Commitment for Title Insurance. This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I – Requirements; and Schedule B, Part II – Exceptions.*

Issued through the Office of
**American Title & Escrow**
**1001 S. 24th St. West, Suite 200**
**Billings, MT 59102**

**OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY**
*A Stock Company*
*400 Second Avenue South, Minneapolis, Minnesota 55401*
*(612) 371-1111*

_____
Authorized Signatory

By _____ President

Attest _____ Secretary

**ORT Form 4694** 6/06 Rev. 8-1-16
ALTA Commitment for Title Insurance

**EXHIBIT**
B

**COMMITMENT CONDITIONS**

**1. DEFINITIONS**

    (a)  "Knowledge" or "Known": Actual or imputed knowledge, but not constructive notice imparted by the Public Records.

    (b)  "Land": The land described in Schedule A and affixed improvements that by law constitute real property. The term "Land" does not include any property beyond the lines of the area described in Schedule A, nor any right, title, interest, estate, or easement in abutting streets, roads, avenues, alleys, lanes, ways, or waterways, but this does not modify or limit the extent that a right of access to and from the Land is to be insured by the Policy.

    (c)  "Mortgage": A mortgage, deed of trust, or other security instrument, including one evidenced by electronic means authorized by law.

    (d)  "Policy": Each contract of title insurance, in a form adopted by the American Land Title Association, issued or to be issued by the Company pursuant to this Commitment.

    (e)  "Proposed Insured": Each person identified in Schedule A as the Proposed Insured of each Policy to be issued pursuant to this Commitment.

    (f)  "Proposed Policy Amount": Each dollar amount specified in Schedule A as the Proposed Policy Amount of each Policy to be issued pursuant to this Commitment.

    (g)  "Public Records": Records established under state statutes at the Commitment Date for the purpose of imparting constructive notice of matters relating to real property to purchasers for value and without Knowledge.

    (h)  "Title": The estate or interest described in Schedule A.

**2.**  If all of the Schedule B, Part I—Requirements have not been met within the time period specified in the Commitment to Issue Policy, this Commitment terminates and the Company's liability and obligation end.

**3.**  The Company's liability and obligation is limited by and this Commitment is not valid without:

    (a)  the Notice;

    (b)  the Commitment to Issue Policy;

    (c)  the Commitment Conditions;

    (d)  Schedule A;

    (e)  Schedule B, Part I—Requirements;

    (f)  Schedule B, Part II—Exceptions; and

    (g)  a counter-signature by the Company or its issuing agent that may be in electronic form.

**4.  COMPANY'S RIGHT TO AMEND**

    The Company may amend this Commitment at any time. If the Company amends this Commitment to add a defect, lien, encumbrance, adverse claim, or other matter recorded in the Public Records prior to the Commitment Date, any liability of the Company is limited by Commitment Condition 5. The Company shall not be liable for any other amendment to this Commitment.

**5.  LIMITATIONS OF LIABILITY**

    (a) The Company's liability under Commitment Condition 4 is limited to the Proposed Insured's actual expense incurred in the interval between the Company's delivery to the Proposed Insured of the Commitment and the delivery of the amended Commitment, resulting from the Proposed Insured's good faith reliance to:

        (i)  comply with the Schedule B, Part I—Requirements;

        (ii)  eliminate, with the Company's written consent, any Schedule B, Part II—Exceptions; or

        (iii)  acquire the Title or create the Mortgage covered by this Commitment.

    (b)  The Company shall not be liable under Commitment Condition 5(a) if the Proposed Insured requested the amendment or had Knowledge of the matter and did not notify the Company about it in writing.

    (c)  The Company will only have liability under Commitment Condition 4 if the Proposed Insured would not have incurred the expense had the Commitment included the added matter when the Commitment was first delivered to the Proposed Insured.

    (d)  The Company's liability shall not exceed the lesser of the Proposed Insured's actual expense incurred in good faith and described in Commitment Conditions 5(a)(i) through 5(a)(iii) or the Proposed Policy Amount.

    (e)  The Company shall not be liable for the content of the Transaction Identification Data, if any.

    (f)  In no event shall the Company be obligated to issue the Policy referred to in this Commitment unless all of the Schedule B, Part I—Requirements have been met to the satisfaction of the Company.

    (g)  In any event, the Company's liability is limited by the terms and provisions of the Policy.

*This page is only a part of a 2016 ALTA Commitment for Title Insurance. This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I – Requirements; and Schedule B, Part II – Exceptions.*

6.  **LIABILITY OF THE COMPANY MUST BE BASED ON THIS COMMITMENT**
    (a)  Only a Proposed Insured identified in Schedule A, and no other person, may make a claim under this Commitment.
    (b)  Any claim must be based in contract and must be restricted solely to the terms and provisions of this Commitment.
    (c)  Until the Policy is issued, this Commitment, as last revised, is the exclusive and entire agreement between the parties with respect to the subject matter of this Commitment and supersedes all prior commitment negotiations, representations, and proposals of any kind, whether written or oral, express or implied, relating to the subject matter of this Commitment.
    (d)  The deletion or modification of any Schedule B, Part II—Exception does not constitute an agreement or obligation to provide coverage beyond the terms and provisions of this Commitment or the Policy.
    (e)  Any amendment or endorsement to this Commitment must be in writing and authenticated by a person authorized by the Company.
    (f)  When the Policy is issued, all liability and obligation under this Commitment will end and the Company's only liability will be under the Policy.

7.  **IF THIS COMMITMENT HAS BEEN ISSUED BY AN ISSUING AGENT**
    The issuing agent is the Company's agent only for the limited purpose of issuing title insurance commitments and policies. Th e issuing agent is not the Company's agent for the purpose of providing closing or settlement services.

8.  **PRO-FORMA POLICY**
    The Company may provide, at the request of a Proposed Insured, a pro-forma policy illustrating the coverage that the Company may provide. A pro-forma policy neither reflects the status of Title at the time that the pro-forma policy is delivered to a Proposed Insured, nor is it a commitment to insure.

*This page is only a part of a 2016 ALTA Commitment for Title Insurance. This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I – Requirements; and Schedule B, Part II – Exceptions.*



**OLD REPUBLIC** NATIONAL TITLE INSURANCE COMPANY

File No.: **3D-7769-TM-OR**

**SCHEDULE A**
**ALTA COMMITMENT**

1. Commitment Date: **January 30, 2018 at 7:30AM**

2. Policy (or Policies) to be issued:

    a. Owner's Policy Amount                                **$295,000.00**
    Standard Owner's                        PREMIUM    **$985.50**

      Proposed Insured: **Hanson Development, LLC**

    b. Loan Policy Amount                               $
                                         PREMIUM    $

    Endorsements:                                     $

      Proposed Insured:

    c.                                                $

      Proposed Insured:

3. Fee simple interest in the land described in this Commitment is owned, at the Commitment Date, by

    **Roman Catholic Bishop of Great Falls, Montana, a corporation**

4. The land referred to in the Commitment is described as follows:

    **Lots 7A and 12A, of Amended Plat of Lots 7 through 12, Block 211, Original Town of Billings, in the City of Billings, Yellowstone County, Montana, according to the official plat on file in the office of the Clerk and Recorder of said County, under Document #3742063.**

*This page is only a part of a 2016 ALTA Commitment for Title Insurance. This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I – Requirements; and Schedule B Part II – Exceptions.*

ORT Form 4690 A 6/06 revised 8-1-16
Schedule A
ALTA Commitment for Title Insurance

File No.: **3D-7769-TM-OR**

SCHEDULE B - SECTION I

ALTA COMMITMENT

REQUIREMENTS

The following requirements must be met:

a.  Pay the agreed amounts for the interest in the land and/or the mortgage to be insured.

b.  Pay us the premiums, fees and charges for the policy.

c.  Documents satisfactory to us creating the interest in the land and/or the mortgage to be insured must be signed, delivered and recorded.

d.  You must tell us in writing the name of anyone not referred to in this Commitment who will get an interest in the land or who will make a loan on the land. We may then make additional requirements or exceptions.

e.  Seller or Borrower Affidavit or other information as required by American Title & Escrow must be furnished to and accepted by American Title & Escrow.

f.  We require a certified copy of the corporate resolution authorizing the sale and directing the execution of the forthcoming deed.

g.  We require a certified copy of the Order Confirming Plan that is satisfactory with underwriting requirements, and a copy of the plan.

h.  We require a certified copy of the Order to Sale, specific to this buyer, that is satisfactory with underwriting requirements.

End of Schedule B – Section I.

*This page is only a part of a 2016 ALTA Commitment for Title Insurance. This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I – Requirements; and Schedule B, Part II – Exceptions.*

**ORT Form 4690 B I** 6/06 revised 8-1-16
Schedule B I
ALTA Commitment for Title Insurance

File No.: **3D-7769-TM-OR**

SCHEDULE B - SECTION II

ALTA COMMITMENT

EXCEPTIONS

Any policy we issue will have the following exceptions unless they are taken care of to our satisfaction.

1.  Taxes or assessments which are not now payable or which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public records.

2.  Any facts, rights, interest, or claims which are not shown by the public records but which could be ascertained by an inspection of said land or by making inquiry of persons in possession thereof.

3.  Easements, liens, encumbrances, or claims of easements, liens or encumbrances which are not shown by the public records.

4.  Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the title including discrepancies, conflicts in boundary lines, shortage in area, or any other facts that would be disclosed by an accurate and complete land survey of the land, and that are not shown in the public records.

5.  (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) Indian treaty or aboriginal rights, including, but not limited to, easements or equitable servitudes; (d) water rights, claims or title to water, ditch or ditch rights, whether or not the matters excepted under (a), (b), (c), or (d) are shown by the public records.

6.  Any liens, or rights to a lien, for services, labor or materials theretofore or hereafter furnished, imposed by law and not shown by the public records.

7.  Any right, title or interest in any minerals, mineral rights, or related matters, including but not limited to oil, gas, coal, and other hydrocarbons, sand, gravel or other common variety materials, whether or not shown in the public record.

8.  County road rights-of-way not recorded and indexed as a conveyance of record in the office of the Clerk and Recorder pursuant to Title 70, Chapter 21, M.C.A., including, but not limited to any right of the Public and the County of Yellowstone to use and occupy those certain roads and trails as depicted on County Surveyor's maps on file in the office of the County Surveyor of Yellowstone County.

9.  General Taxes for the second half of 2017, which are due and payable in the original sum of $1,356.05. The second half of said taxes will be delinquent on June 1, 2018. Tax Codes: A01529, A01529A .

    NOTE:  The Tax Statement in the Yellowstone County, Montana, Treasurer's office is marked "Paid" covering the General Taxes for the first half of 2017, in the sum of $1,356.05. Tax Codes: A01529, A01529A .

10. General Taxes for the year 2018, which are a lien but not yet payable. Tax Codes: A01529, A01529A .

11. Unrecorded leaseholds; rights of parties in possession, rights of secured parties, vendors and vendees under conditional sales contracts of personal property installed on the premises herein, and rights of tenants to remove trade fixtures.

12. All matters, covenants, conditions, restrictions, easements and any rights, interests or claims which may exist by reason thereof, disclosed by the recorded plat of said subdivision, filed June 3, 1909, as Instrument #16312, but deleting any covenant, condition or restriction indicating a preference, limitation or discrimination based on race, color, religion, sex, handicap, familial status, or national origin to the extent such covenants, conditions or restrictions violate 42 USC 3604 ©.

13. Restrictions in Warranty Deed to H.N. McConnehey, George H. Moses and George F. Moses, recorded February 4, 1946, in Book/Roll 280, Page 269, under Document #409947; but omitting any covenant, condition or restriction based on race, color, religion, sex, handicap, familial status, or national origin to the extent that such covenants, conditions or restrictions violate 42 USC 3604(c).

14. All matters, covenants, conditions, restrictions, easements and any rights, interests or claims which may exist by reason thereof, disclosed by the recorded plat of said subdivision, filed June 3, 2015, as Instrument #3742063, but deleting any covenant,

condition or restriction indicating a preference, limitation or discrimination based on race, color, religion, sex, handicap, familial status, or national origin to the extent such covenants, conditions or restrictions violate 42 USC 3604 ©.

15. Subject to proceedings pending in the Bankruptcy Court.
   District:           Montana
   Debtor:            Roman Catholic Bishop of Great Falls, Montana, A Montana Religious Corporate Sole
   Date of filing:     March 31, 2017
   Case No.:          17-60271-BPH

NOTE 1: Copies of documents creating exceptions herein may be obtained upon request.


End of Schedule B – Section II.


*This page is only a part of a 2016 ALTA Commitment for Title Insurance. This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I – Requirements; and Schedule B, Part II – Exceptions.*

**ORT Form 4690 B II** 6/06 revised 8-1-16
Schedule B II
ALTA Commitment for Title Insurance



David C. Thomas, MAI
Commercial Real Estate

THOMAS
APPRAISAL
SERVICES, INC.

Barbara D. Thomas
Residential Real Estate

November 3, 2014

Mary Queen of Peace Parish
Attn: Matthew Low, Ph.D., Parish Life Coordinator
210 S. 34th Street
Billings, Montana  59101

RE:   Appraisal of 523 South 29th Street in Billings, Yellowstone County, Montana (Our Lady of Guadalupe Church and rental house).

Dear Dr. Low:

Pursuant to your request, I have prepared a summary appraisal of the above described property. The purpose of this appraisal is to estimate the "As Is" market value of the fee simple estate in the above referenced property. I have personally inspected the site and improvements valued in this report. I certify that I have no personal interest, present or contemplated, in the subject property and that this appraisal represents my opinion of the market value of the subject property.

As a result of my investigation, the final estimated "As Is" Market Value of the fee simple estate of the subject property, as of the date of last inspection, October 15, 2014, is: $350,000. The marketing time for the subject property is estimated to be 12 to 18 months.

This letter must remain attached to the report, which contains 40 pages plus related exhibits, in order for the value opinion set forth to be considered valid. Further, this letter of transmittal precedes the summary appraisal report further describing the property and containing the reasoning and most pertinent data leading to the final value estimates. Your attention is directed to the Assumptions and Limiting Conditions and Certification, which are considered usual for this type of assignment and have been included within the text of this report.

Sincerely,

THOMAS APPRAISAL SERVICES, INC.

By:   David C. Thomas, MAI & President
Montana Certified General Appraiser #416

Enclosure:  Appraisal Report

EXHIBIT

tabbies

C

PO Box 965  •  Lewistown, MT 59457  •  406-538-6618  •  1-800-244-2706  •  fax 406-538-6155
www.thomasappraisalmt.com

Highest and Best Use:    "As Vacant", the highest and best use of the site is concluded to be development with either single family or multi-family housing.

"As Improved", the highest and best use of the subject is its continued use as a church and rental house.

Land Value:                                        $68,000

Value by Cost Approach:                            $320,000

Value by Sales Comparison
   Approach:                                        $375,000

Value by Income Approach:                          Not Developed

Final "As Is" Market Value:                        $350,000

Date of "As Is" Value:                             October 15, 2014

Date of Report:                                    November 3, 2014

Estimated Marketing Period:                        12 to 18 Months

<u>Summary of Appraisal</u>

**Type of Property:**   The subject is developed with a church and rental house. The property is commonly referred to as Our Lady of Guadalupe Church.

**Interest Appraised:**   Fee Simple Estate

**Location:**   Northeast corner of South 29th Street and Sixth Avenue South in Billings, Montana.

**Address:**   523 South 29th Street, Billings, Montana

**Tax ID #:**   A01529 -- the subject is classified as an Exempt Property -- both the church and house are under this number.

**Legal Desc:**   Lots 7-12, Block 211, Billings Original Townsite, City of Billings, Yellowstone County, Montana.

**Site:**   The subject site has a total area of 19,500 square feet and has the R-6000 zoning classification by the City of Billings. All city services are available at the property.

**Improvements:**   The church was built sometime in the 1940's. The exact date is unknown. The church is a single story building constructed on a crawl space. The church has a total first floor area of 7,966 sf and is handicap accessible. The primary areas in this building are the sanctuary, fellowship hall, kitchen, and men's and women's restrooms. The building has been well maintained and was in good overall condition at the time of inspection.

The rental house was built in 1958 and was at one time the rectory for the church. It is now used as a rental and is occupied by a family that is enrolled in the Section 8 housing program. The house is 1.5 stories with a full basement. The above grade area is 1,869 sf while the basement has 1,365 sf. There are five bedrooms and 3 bathrooms. The house has also been well maintained and exhibited no areas of material deferred maintenance at the time of inspection.

ii

**CLIENT:**   Mary Queen of Peace Parish
Attn: Matthew Low, Ph.D.
Parish Life Coordinator
210 S. 34th Street
Billings, Montana  59101

**APPRAISER:**   David C. Thomas, MAI, President
Thomas Appraisal Services, Inc.
P.O. Box 965
Lewistown, MT  59457
(406) 538-6618

**SUBJECT:**   Appraisal of 523 South 29th Street, in Billings, Montana (Our Lady of Guadalupe Church & Rental House).

## INTRODUCTION:

This Appraisal Report is in a format similar to what formally was referred to as a summary report. As such, it presents only summary discussions of the data, reasoning, and analyses that were used in the appraisal process to develop the appraisers' opinion of value. Supporting documentation concerning the data, reasoning, and analyses is retained in the appraisers' file. The depth of discussion contained in this report is specific to the needs of the client and for the intended use stated below. The appraiser is not responsible for unauthorized use of this report.

## PURPOSE OF THE APPRAISAL:

The purpose of this appraisal is to provide the appraisers' best estimate of the market value of the subject real property as of the effective date. *Market value* is defined by the federal financial institutions regulatory agencies as follows:

*Market value* means the most probable price which a property should bring in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller each acting prudently and knowledgeably, and assuming the price is not affected by undue stimulus. Implicit in this definition is the consummation of a sale as of a specified date and the passing of title from seller to buyer under conditions whereby:

(1)    buyer and seller are typically motivated;

(2)    both parties are well informed or well advised, and acting in what they consider their own best interests;

(3)    a reasonable time is allowed for exposure in the open market;

(4)    payment is made in terms of cash in U.S. dollars or in terms of financial arrangements comparable thereto; and

(5)    the price represents the normal consideration for the property sold unaffected by special or creative financing or sales concessions granted by anyone associated with the sale.

(Source: Office of the Comptroller of the Currency under 12 CFR, Part 34, Subpart C-Appraisals, 34.42 Definitions [f].)

INTENDED USE OF REPORT:   The appraisal shall be used by the Client in supporting the value of the subject property for internal decision making purposes, possibly involving a sale of the property.

**INTENDED USERS:**   This appraisal report is prepared for the sole and exclusive use of the appraiser's client: Mary Queen of Peace Parish. No third parties are authorized to rely upon this report without the express written consent of the appraiser.

**INTEREST VALUED:**   The fee simple estate in the above described real estate.

**EFFECTIVE DATE OF "AS IS" VALUE:**   October 15, 2014

**DATE OF REPORT:**   November 3, 2014

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MONTANA

In re:

Roman Catholic Bishop of Great Falls Montana,
a Montana Religious Corporate Sole
(Diocese of Great Falls),

         Debtor-in-Possession

Case No. 17-60271

Chapter 11

## ORDER AUTHORIZING SALE OF REAL PROPERTY
## (OUR LADY OF GUADALUPE CHURCH) PURSUANT TO 11 U.S.C. § 363(B)

In this Chapter 11 case, the Debtor-in-Possession filed on February ___, 2018, a Motion for

Authorization to Sell Real Property (Our Lady of Guadalupe), and Notice, [Docket #___], which

proposed to sell the following described property located in Yellowstone County, Montana:

> Lots 7A and 12 A, of Amended Plat of Lots 7 through 12, Block 211, Original
> Town of Billings, in the City of Billings, Yellowstone County, Montana, according
> to the official plat on file in the office of the Clerk and Recorder of said County,
> under Document #3742063.

Pursuant to the Debtor-in-Possession's Motion/Notice, and Bankruptcy Rule 6004(b),

objections to the proposed sale were required to be filed with the Court and served on the

Debtor-in-Possession within fourteen (14) days of service of the Motion/Notice.  No objections

having been filed, and for good cause appearing,

**IT IS HEREBY ORDERED** the Debtor's Motion/Notice is **APPROVED** and the

Debtor-in-Possession is hereby authorized to sell the real property to Hanson Development, LLC,

pursuant to the terms and conditions set forth in the Motion/Notice.

**IT IS FURTHER HEREBY ORDERED** that, after payment of costs of title insurance

and closing costs, all net sale proceeds shall be paid to the Diocese and deposited in a segregated

interest bearing account, separate from all other debtor-in-possession accounts, and that said sale



EXHIBIT

D

proceeds shall not be withdrawn from that account without further order of the Court.   Approval

of this Order is not determinative of the interests of Mary Queen of Peace Parish.   All of the

estate's rights and remedies, including actions under Bankruptcy Code §§ 544-550, applicable to

the real property sold pursuant to the Motion are applicable to the net proceeds of the sale.


Dated:


_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

Label Matrix for local noticing
0977-2
Case 17-60271-JDP
U.S. Bankruptcy Court, District of Montana
Butte
Thu Feb 15 10:04:32 MST 2018

Oblates Fathers Western Province, Inc.
391 Michigan Ave. N.E.
Washington, D.C. 20017-1587

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd.
#1300
Los Angeles, CA 90067-4114

ROMAN CATHOLIC BISHOP OF GREAT FALLS, MONTAN
P.O. BOX 1399
GREAT FALLS, MT 59403-1399

U.S. Province of the Missionary Oblates of M
391 Michigan Ave. N.E.
Washington, D.C. 20017-1516    Dup

U.S. Bankruptcy Court, District of MT
Room 263 Federal Building
400 North Main
Butte, MT 59701-8866

34 Abuse Claimants 'Doe Group'
Bryan Smith and Vito de la Cruz
Tamaki Law Offices
1340 N. 16th Avenue, Suite C
Yakima, WA 98902-7106

38 Abuse Claimants 'Becker Group'
Timothy Kosnoff, Kosnoff Law
Metro Office Park, Metro Park 7
Street 1, Suite 204 Guyanabo
San Juan, PR 00968

ABUSE SURVIVORS
DATSOPOULOS, MACDONALD & LIND
201 W MAIN ST STE 201
MISSOULA MT 59802-4326

Anderson Family Pharmacy
2828 10th Ave S
Great Falls, MT 59405-3241

Arkadin, Inc.
Attn: Tonya Booth
1501 E Woodfield Rd, 400E
Schaumburg, IL 60173-6047

Billings Construction Supply
5514 King Ave E
Billings, MT 59101-4641

Billings Gazette Communications
PO Box 31238
Billings, MT 59107-1238

Blessed Kateri Tekakwitha
PO Box 509
Lodge Grass, MT 59050-0509

Blessed Sacrament Parish
630 Cheyenne Ave
Lame Deer, MT 59043

Bruce A. Anderson
Elsaesser Jarzabek Anderson Elliott & Ma
320 East Neider Avenue
Suite 102
Coeur D Alene, ID 83815-6007

CENTURYLINK COMMUNICATIONS LLC
931 14TH ST STE 900
DENVER CO 80202-2994    Dup

Career Quest
724 1st Ave S
Great Falls, MT 59401-3702

Carquest Auto Parts
PO Box 404875
Atlanta, GA 30384-4875

Catholic Foundation of Eastern MT
P.O. Box 1345
Great Falls, MT 59403-1345

Catholic Management Services
4457 Willow Road
Suite 100
Pleasanton, CA 94588-8554

Century Link
PO Box 91155
Seattle, WA 98111-9255

Christ the King
13268 S 5TH St
Busby, MT 59016

Christian Brothers Retirement Savings
1205 Windham Parkway
Romeoville, IL 60446-1672

Christina Cowick
4432 6th Ave S
Great Falls, MT 59405-3736

City of Great Falls
Utility Billing Department
PO Box 5021
Great Falls, MT 59403-5021

Corpus Christi Church
Rev. Ryan Erlenbush
410 22nd Ave NE
Great Falls, MT 59404-1513

Culligan
401 Huffman Ave
Great Falls, MT 59404-3298

Daniel Fasy
Fasy Law
1752 NW Market St, #1502
Seattle, WA 98107-5264

Dex Media
PO Box 79167
Phoenix, AZ 85062-9167

Diocese of Helena
PO Box 1729
Helena, MT 59624-1729

Energy West
PO Box 2229
Great Falls, MT  59403-2229

First Lease, Inc.
1 Walnut Grove Dr
Suite 300
Horsham, PA 19044-2201

Fr. Marcel Vogel
1701 26th St S
Apt #3
Great Falls, MT 59405-5173

Gagnon's
308 9th Ave S
Great Falls, MT 59405-4083

General Unsecured Creditors
All in Care-Diocese of Great Falls
121 23rd St S
Great Falls, MT 59401-3997

Giulia Marie Arcuri
224 Diamond Avenue
Newport Beach, CA 92662-1116

Great Falls Tribune
PO Box 677334
Dallas, TX  75267-7334

(c)HOLY FAMILY
112 1ST AVE
GLENTANA MT  59240-9709

(p)HOLY FAMILY
ST LEO CHURCH
PO BOX 421
LEWISTOWN MT 59457-0421

Holy Spirit Catholic School
2820 Central Ave
Great Falls, MT 59401-3412

Holy Spirit Parish
Rev. Schlosser and Rev. Wilkins
201 44th St S
Great Falls, MT 59405-1653

Holy Trinity Church
692 Stockett Rd
Centerville, MT 59480

Immaculate Conception Church
Rev. William D'Souza
1223 16th St
Fort Benton, MT 59442

Immaculate Conception Parish
509 N 12th Ave
Forsyth, MT 59327

Immaculate Conception Parish
PO Box 789
Wolf Point, MT 59201-0789

Innovative Postal Services
PO Box 2565
Great Falls, MT  59403-2565

Instrumentalist Awards
1838 Techny Court
Northbrook, IL 60062-5474

Internal Revenue Service
Centralized Insolvency Op.
P.O. Box 7346
Philadelphia, PA 19101-7346

Joseph Blumel III
Law Offices of Joseph Blumel III
4407 N Division Street, Ste 900
Spokane, WA 99207-1660

Jostens
21336 Network Place
Chicago, IL  60673-1213

KRTV-TV
PO Box 2557
Billings, MT 59103-2557

Kay Walters
4142 5th Ave S
Great Falls, MT 59405-3724

Knife River
PO Box 80066
Billings, MT 59108-0066

Lee James and Craig Vernon
James, Vernon and Weeks
1626 Lincoln Way
Coeur D Alene, ID 83814-2459

Lone Pony Web and Management
Tia Renee Buzzard
2932B Highway 153
Twisp, WA 98856-9725

Marlin Leasing Corporation
300 Fellowship Rd
Mount Laurel, NJ 08054-1727

Mary Queen of Peace
3411 S 34th St
Billings, MT 59101

Meadow Gold Dairies
PO Box 710966
Denver, CO  80271-0966

Memorial Monuments and Vaults
598 West Franklin
Meridian, ID 83642-2825

MetLife
PO Box 803323
Kansas City, MO  64180-3323

Metropolitan Utilities District
PO Box 3600
Omaha, NE  68103-0600

Milt Datsopoulos and Molly Howard
Datsopoulos, MacDonald & Lind
201 W Main ST STE 201
Missoula MT 59802-4326

Montana Department of Labor
Unemployment Division
PO Box 6339
Helena, MT  59604-6339

Montana Dept. of Public Health
Laboratory Services Bureau
PO Box 4369
Helena, MT  59604-4369

Montana Dept. of Revenue
PO Box 7701
Helena, MT 59604-7701

Montana State Fund
P.O. Box 4759
Helena, MT 59604-4759

Montana State Fund
PO Box 31477
Billings, MT  59107-1477

Montana Waste Systems
PO Box 2645
Great Falls, MT 59403-2645

Montana-Dakota Utilities
PO Box 5600
Bismark, ND  58506-5600

Most Rev. Anthony M. Milone
7323 Shirley Street, Apt. 209
Omaha, NE 68124-1739

Mountain View Co-Op
PO Box 1299
Great Falls, MT  59403-1299

NORTHWESTERN ENERGY
11 E PARK ST
BUTTE, MT 59701-1711

National Laundry
700 Crescent Dr
Great Falls, MT 59404-3210

NorthWestern Energy
40 E Broadway
Butte, MT 59707-9394

OFFICE OF THE U.S. TRUSTEE
U.S. TRUSTEE'S OFFICE
LIBERTY CENTER SUITE 204
301 CENTRAL AVE
GREAT FALLS, MT 59401-3113

Omaha Public Power Dist.
PO Box 3995
Omaha, NE  68103-0995

One License.net
7343 South Mason Ave
Chicago, IL 60638-6274

Our Lady Of Mercy Mission
121 6th Ave W
Melstone, MT 59054

Our Lady of Loretto Parish
11723 E Helen St
Lodge Grass, MT 59050

Our Lady of Lourdes
409 13th St S
Great Falls, MT 59405-2398

Our Lady of Lourdes Parish
105 F St W
Poplar, MT 59255

Our Lady of Ransom
PO Box 647
Chester, MT 59522-0647

Pharmacy 1
2900 12th Ave N
Billings, MT 59101-7503

Public Works Utilities
PO Box 30958
Billings, MT 59107-0958

QWEST CORPORATION DBA CENTURYLINK
931 14ST ST STE 900
DENVER CO 80202-2994

Queen of the Angels
PO Box 471
Glasgow, MT 59230-0471

Quill Corporation
PO Box 37600
Philadelphia, PA  19101-0600

Red's Fixit Shop
PO Box 20782
Billings, MT 59104-0782

Republic Service
PO Box 78829
Phoenix, AZ  85062-8829

Rev. Anthony J. Schuster
c/o Joe and Stevi Schuster
2002 Wyndham Park Dr
Billings, MT 59102-8116

Rev. Charles Gorman
2351 Solomon Ave, Apt 157
Billings, MT 59102-2885

Rev. Daniel O'Rourke
1701 26th St S, Apt 2
Great Falls, MT  59405-5173

Rev. James E. Birkmaier
The Lodge
1801 9th St S, Apt 225
Great Falls, MT 59405-5616

Rev. James M. Sikora
1915 13th Ave S
Great Falls, MT  59405-4810

Rev. Jerry Connolly
PO Box 456
Joliet, MT  59041-0456

Rev. John J. Houlihan
2003 Woody Dr, Apt 4
Billings, MT  59102-2891

Rev. John P. Krier
PO Box 449
Air Way Heights, WA  99001-0449

Rev. Lothar Krauth
3724 8th Ave N
Great Falls, MT  59401-2229

Rev. Marcel Vogel
1701 26th St S, Apt. 3
Great Falls, MT 59405-5173

Rev. Peter E. Guthneck
St Mary Church
PO Box 3009
Box Elder, MT 59521-3009

Rev. Richard J. Hopkins
Mother of Confidence Church
3131 Governor Dr
San Diego, CA  92122-2229

Rev. Richard Osterman
PO Box 2011
Red Lodge, MT  59068-2011

Rev. Robert D. Grosch
St Patrick Co-Cathedral
215 N 31st St
Billings, MT 59101-1908

Rev. Ted Szudera
PO Box 6507
Great Falls, MT  59406-6507

Rev. Terrence P. Regan
PO Box 25
Great Falls, MT  59403-0025

Rev. Thomas C. Harney
1440 Granite Ave, Apt B
Billings, MT  59102-0716

Rev. Thomas M. Beggin
1631 41st St W
Billings, MT 59106-1742

Rev. Thomas Tobin
PO Box 407
Ekalaka, MT  59324-0407

Rev. William Cawley
1701 26th St S, Apt 4
Great Falls, MT 59405-5173

Rev. William Hogan
The Lodge
1801 9th St S, Apt 116
Great Falls, MT 59405-5613

SAINT LOUIS CONSULTATION CENTER
AKA SAINT LUKE CONSULTATION CENTER
8901 NEW HAMPSHIRE AVE
SILVER SPRING MD 20903-3611

SS Cyril and Methodius
C/O ST BERNARD
226 WICKS LANE
BILLINGS MT 59105-3725

Sacred Heart
P.O. Box 236
Fort Belknap, MT 59526-0236

Sacred Heart Church
PO Box 647
Chester, MT 59522-0647

Sacred Heart Mission
100 2nd Ave E
Hobson, MT 59452

Sacred Heart Mission
201 44th St S
Great Falls, MT 59405-1653

Sacred Heart Mission
225 2nd Ave E
Dodson, MT 59524

Sacred Heart Mission
314 Clinton St
Bainville, MT 59212

Sacred Heart Parish
PO Box 36
Glendive, MT 59330-0036

Sacred Heart Parish
Rev. Francis Schreiber
316 W Benham St
Glendive, MT 59330-1705

Sacred Heart Parish
Rev. Masilamani Suvakkin
PO Box 309
Bridger, MT 59014-0309

Sacred Heart Parish
Rev. Robert Oswald
120 N Montana Ave
Miles City, MT 59301-3510

Schiff Harden
Everett Cygal
233 South Wacker, Ste. 6600
Chicago, IL 60606-6360

Screening One, Inc.
PO Box 749363
Los Angeles, CA  90074-9363

Snyder Drug
2515 6th Ave N
Great Falls, MT 59401-1996

St Aloysius Parish
112 W Main St
Winnett, MT 59087

St David Parish
225 N Wilber St
Broadus, MT 59317

St Francis De Sales Mission
301 S Main St
Richey, MT 59259

St Francis Of Assisi Parish
500 Wilson Ave
Saco, MT 59261

St John The Evangelist Parish
210 W Center Ave
Baker, MT 59313-9137

St Margaret Parish
623 Brewster St
Geraldine, MT 59446

St Mary Church
Rev. Nelson and Rev. Sticha
101 S 7th St W
Malta, MT 59538

St Mathias Parish
310 2nd St NE
Moore, MT 59464

St Philip Bonitus Parish
404 Timmons St
Scobey, MT 59263

St. Agnes Parish
1 N Word Ave
Red Lodge, MT 59068-9009

St. Albert
304 Minnesota
Hinsdale, MT 59241

St. Ann Cathedral
Rev. Oliver Doyle
715 3rd Ave N
Great Falls, MT 59401-1501

St. Ann Mission
102 Shell St
Vida, MT 59274

St. Ann Mission
13327 Mt Highway 200
Fort Shaw, MT 59443-9409

St. Anthony Catholic Church
235 Main St E
Box Elder, MT 59521

St. Anthony Mission
1100 Main St
Denton, MT 59430

St. Anthony Parish
413 3rd Ave W
Culbertson, MT 59218

St. Anthony Parish
Rev. Barton Stevens
317 West 7th St
Laurel, MT 59044-2054

St. Benedict Church
Rev. Douglas Krings
503 Main St
Roundup, MT 59072-2425

St. Bernard Mission
c/o St. Matthew, Rev. O'Neil
219 7th St SE
Sidney, MT 59270-5034

St. Bernard's Parish
226 Wicks Lane
Billings, MT 59105-3799

St. Catherine Mission
317 7th St W
Fairview, MT 59221

St. Charles Borromeo Mission
21228 S Pryor Gap Road
Pryor, MT 59066

St. Cyril Parish
100 Hill Ave
Geyser, MT 59447

St. Dennis Parish
76 Highway 1
Crow Agency, MT 59022

St. Francis Xavier Parish
PO Box 160
Circle, MT 59215-0160

St. Gabriel Parish
404 8th St W
Chinook, MT 59523

St. Honorata Mission
22 3rd Ave
Musselshell, MT 59059

St. Joan of Arc Parish
100 Church Ave
Ekalaka, MT 59324

St. John Church
PO Box 309
Bridger, MT 59014-0309

St. John the Baptist
412 Leavitt Ave
Jordan, MT 59337

St. Joseph
206 Orchard Ave
Hysham, MT 59038

St. Joseph
P.O. Box 789
Wolf Point, MT 59201-0789

St. Joseph Mission
PO Box 309
Bridger, MT 59014-0309

St. Joseph Parish
910 McLeod St
Big Timber, MT 59011-8097

St. Joseph Parish
Rev. Joseph Ponessa
716 N Custer Ave
Hardin, MT 59034

St. Joseph Parish
Rev. Patrick Zabrocki
301 N Main St
Plentywood, MT 59254-1649

St. Jude Thaddeus Parish
Rev. Daniel Wathen
624 4th St
Havre, MT 59501

St. Labre Parish
Tongue River Road
Ashland, MT 59003

St. Leo the Great Parish
Rev. Samuel Spiering
102 W Broadway St
Lewistown, MT 59457-1735

St. Margaret Mary Parish
320 Water Ave
Colstrip, MT 59323-9685

St. Margaret Mary Parish
400 Johannes
Big Sandy, MT 59520

St. Margaret Parish
206 1st Ave N
Clyde Park, MT 59018

St. Mark Parish
128 Castner St
Belt, MT 59412

St. Mary Catholic Church
Rev. Joseph Diekhans
11 W Quincy Ave
Chester, MT 59522

St. Mary Church
212 4th Ave
Custer, MT 59024

St. Mary Church
Rev. Leo McDowell
511 S F St
Livingston, MT 59047-3539

St. Mary Mission
100 Main St
Raynesford, MT 59469

St. Mary Parish
Rev. Gregory Staudinger
P.O. Box 956
Columbus, MT 59019-0956

St. Mathias
305 Kemp St
Ryegate, MT 59074

St. Matthew Parish
219 7th St SE
Sidney, MT 59270-5034

St. Michael
307 S Woodard St
Absarokee, MT 59001

St. Michael Mission
120 2nd Ave
Savage, MT 59262

St. Patrick
401 Main St
Medicine Lake, MT 59247

St. Patrick Co Cathedral
215 N 31st
Billings, MT 59101-1908

St. Paul Indian Mission
#1 Mission Dr
Hays, MT 59527

St. Peter
PO Box 217
Wibaux, MT 59353-0217


St. Philip
P.O. Box 217
Wibaux, MT 59353-0217

St. Pius X Catholic Church
Rev. Wayne Pittard
717  18th St W
Billings, MT 59102-4001

St. Raphael Parish
Rev. Jose Valliparambil
412 3rd Ave N
Glasgow, MT 59230-1825


St. Rose of Lima Church
Rev. Domenico Pizzonia
101 4th St W
Stanford, MT 59479

St. Theresa Mission
212 N Main St
Lambert, MT 59243

St. Theresa of the Little Flower
16638 Iowa
Broadview, MT 59015


St. Thomas Aquinas
10610 Wing Rd
Hogeland, MT 59529

St. Thomas Mission
201 W Conser Ave
Plevna, MT 59344

St. Thomas Mission
PO Box 187
Popular, MT 59255-0187


St. Thomas The Apostle
Rev. Stephen Zabrocki
2055 Woody Dr
Billings, MT 59102-2803

St. Thomas the Apostle
210 1st Ave SE
Harlem, MT 59526-9024

St. William Mission
P.O. Box 646
Livingston, MT 59047-0646


Steven J. Heim
U.S. Bank National Association
U.S. Bancorp Center
800 Nicollet Mall, BC-MN-H21N,
Minneapolis, Minnesota 55402-7000

The Lodge Senior Living Cntr
1801 9th St S
Great Falls, MT 59405-5608

The St. Louis Consultation Cntr
1750 Brentwood Blvd., Ste 602
St. Louis, MO 63144-1342


UI Contributions Bureau
PO Box 6339
Helena, MT  59604-6339

US SECURITIES AND EXCHANGE COMMISSION
LOS ANGELES REGIONAL OFFICE
ATTN SANDRA LAVIGNA
444 S FLOWER ST STE 900
LOS ANGELES CA 90071-2934

Universal Athletic Service
912 N 7th S Ave
Bozeman, MT 59715-2540


Verizon
PO Box 660108
Dallas, TX 75266-0108

Very Rev. Jay Peterson
1701 26th St S, Apt 1
Great Falls, MT 59405-5173

W. Carl Mendenhall
Warden Thane P.C.
PO Box 4747
Missoula, MT  59806-4747


World Library Publications
J.S. Paluch Co., Inc.
PO Box 2703
Schiller Park, IL 60176-0703

AARON YORK
OFFICE OF THE US TRUSTEE
ATTN: LESLIE
301 CENTRAL AVENUE STE 204
GREAT FALLS, MT 59401-3113

ecf

BONNIE SHUSTER
US DEPT OF JUSTICE
OFFICE OF THE US TRUSTEE
720 EAST PARK BLVD, SUITE 220
BOISE, ID 83712-7785

ecf


BRUCE A ANDERSON
ELSAESSER JARZABEK ANDERSON ELLIOT & MAC
320 E NEIDER AVE STE 102
COEUR D'ALENE, ID 83815-6007

BRUCE ALAN ANDERSON
ELSAESSER ANDERSON, Chtd.
320 East Neider Avenue
Suite 102
COEUR D'ALENE, ID 83815-6007

Drew Blewett
Hoyt & Blewett PLLC
PO Box 2807
Great Falls, MT 59403-2807

ecf

FORD ELSAESSER
PO BOX 2220
SANDPOINT, ID 83864-0909

FORD ELSAESSER
ELSAESSER ANDERSON, CHTD.
PO BOX 1049
414 Church Street, Suite 201
SANDPOINT, ID 83864-0070

GREGORY J HATLEY
DAVIS HATLEY HAFFEMAN & TIGHE PC
101 RIVER DRIVE NORTH
GREAT FALLS, MT 59401-2599

Gary Dyer W.
U.S. Department of Justice
Office of the United States Trustee
920 W. Riverside Ave,
Suite 593
Spokane, WA 99201-1012

JOSEPH PONESSA
710 NORTH CUSTER AVE
HARDIN, MT 59034-1527

MAXON R. DAVIS
DAVIS, HATLEY, HAFFEMAN & TIGHE, P.C.
101 RIVER DRIVE NORTH
GREAT FALLS, MT 59401-2599

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Holy Family
530 Main St
Winifred, MT 59489

Addresses marked (c) above for the following entity/entities were corrected
as required by the USPS Locatable Address Conversion System (LACS).

Holy Family
102 1st Ave N
Glentana, MT 59240

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Abuse Survivors

(u)BERKLEY RESEARCH GROUP

(u)BILLINGS CATHOLIC SCHOOLS

(u)Catholic Mutual Relief Society

(u)Corpus Christi (Great Falls)

(u)HEAD START, INC.

(u)Holy Family Parish Great Falls, Montana

(u)Holy Spirit (Great Falls)

(u)Mary Queen of Peace, Billings, Montana