James I. Stang (CA State Bar #94435
Kenneth H. Brown (CA State Bar #100396)
Ilan D. Scharf (NY State Bar #4042107)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
Phone: (310) 277-6910
Fax: (310) 201-0760
Email: jstang@pszjlaw.com
       kbrown@pszjlaw.com
       ischarf@pszjlaw.com

Attorneys to Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA**

| | |
|---|---|
| In re: | Chapter 11 |
| Roman Catholic Bishop of Great Falls, Montana, a Montana Religious Corporation Sole (Diocese of Great Falls - Billings), | Bankruptcy Case No. 17-60271-JDP |
| Debtor in Possession. | |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS
SUBMISSION OF DISPUTED FORM OF ORDER GRANTING
MOTION FOR STANDING AND STATEMENT OF DISPUTE**

The Official Committee of Unsecured Creditors ("***Committee***") for the Roman Catholic Bishop of Great Falls, Montana, a Montana Religious Corporation Sole ("***DGFM***" or "***Debtor***"), hereby files this statement apprising the Court of the inability of the parties to agree on a form of order granting the Committee's motion for standing to prosecute and settle avoidance actions..

## INTRODUCTION AND RELVENT FACTS

On November 2, 2017, the Official Committee of Unsecured Creditors (*"Committee"*) filed its *Motion for Exclusive and Irrevocable Authority to Commence, Prosecute and Settle Litigation on Behalf of Bankruptcy Estate Against Diocese Affiliated Entities* (*"Motion for Standing"*).  DGFM filed a limited objection.  The Court conducted a hearing on the Motion on January 4, 2018 and requested a supplemental submission of proposed forms of complaints.  The Committee filed its Supplemental Submission of Forms of Complaints on January 19, 2018 [Dkt. No. 273] (*Supplemental Submission")*.  Exhibit B to the Supplemental Submission was a proposed form of complaint to avoid unrecorded interests in real property pursuant to Bankruptcy Code section 544(a)(3) and quiet title against 14 representative parishes, the Diocese and Billings Catholic Schools (*"Proposed Section 544(a)(3) Complaint"*).  On March 1, 2018, the Court issued its Memorandum of Decision granting the motion for Standing.  The Committee has acknowledged to the Court that it would not add additional parties to the Proposed Section 544(a)(3) Complaint without leave of Court.  For the reasons set forth below, the Committee seeks to add a limited number of parishioners as parties.

From the outset of this chapter 11 case, DGFM's position, set forth in its Schedules of Assets and Liabilities (as amended, the "*Schedules*") has been that substantially all of the real and personal property in its name is held for the benefit of its parishes and therefore does not constitute property of the estate.[1]  Based on this clearly articulated position in documents filed

---

[1]  For example, in response to question 55.1 on Schedules A/B, the Diocese asserts that "the property listed on the attached schedule [Exhibit 7] *is held for the benefit of the parishes and institutions of the Diocese*."

**OCUC'S SUBMISSION OF DISPUTED FORM
OF ORDER GRANTING MOTION FOR
STANDING AND STATEMENT OF DISPUTE**

DOCS_SF:96070.4 18488/002                              2

with this Court, attested to under penalty of perjury by Bishop Warfel, the Committee has heretofore believed that a judicial determination whether the parishes own the beneficial interest in property worth tens of millions of dollars is a lynchpin to resolving this case.

After the Committee filed Adversary Proceeding No. 17-00082 ("***Declaratory Relief Action***"), DGFM, changed its position and for the first time, in its answer to the complaint in the Declaratory Relief Action, alleged that its property is held for the benefit of the *parishioners*. DGFM Answer at paragraph 13 filed January 18, 2018 [Dkt. No 12 in Declaratory Relief Action]. This flip-flop in DGFM's position is a transparent litigation tactic to deprive the Court and the creditors of a quick and cost-effective vehicle to resolve one of the key issues in this case. However, unless the Court determines that DGFM's statements in its Schedules that it holds its property solely for the benefit of its parishes (rather than parishioners) constitutes an irrefutable judicial admission, the Declaratory Relief Action will not be dispositive on whether property claimed to be held in trust for the parishioners, is property of the estate. This must now be resolved through an action to avoid purported unrecorded interests in real property under Bankruptcy Code section 544(a)(3).

At the time the Committee filed the Supplemental Submission with attached Exhibit B, it was relying on DGFM's sworn statements in its Schedules that the real property was held for the benefit of the parishes. Since the Schedules did not indicate the property was held for the parishioners, the Committee did not believe it was necessary to seek a judicial determination addressing this contention.

In an attempt to address this issue in a reasonable and cost effective manner, the Committee sent DGFM's counsel an email on March 1, 2018 suggesting a procedure for obtaining a judicial determination on the avoidability of unrecorded interests in the Debtor's real property *without the necessity of suing parishioners*. A true copy of the March 1, 2018 email is attached hereto as **Exhibit A**. By the email, the Committee proposed *not to sue any parishioners,* if DGFM and parishes agreed not to assert that they were necessary or indispensable parties and seek dismissal on that basis. On March 5, 2018 counsel for the Debtor's informed counsel for the Committee that it would not agree to this and refused to agree to a form of order granting the standing motion that would permit even a limited number of parishioners to be named as defendants to the Proposed Section 544(a)(3) complaint.

DGFM's new position that it holds title to its real property for the benefit of the parishioners as well as the parishes, combined with its insistence that the parishioners are indispensable parties to any action to avoid unrecorded interests in real property, require that at least a limited number of parishioners are defendants to the Proposed Section 544(a)(3) Complaint. Attached hereto as **Exhibit B** is proposed form of order granting the Committee's Motion for Standing and allowing two parishioners from each parish that is a named defendant to be named along with the other parties sought in the Motion for Standing.

The Committee requests that the Court enter the attached order after giving DGFM three business days to respond to this statement.

Dated: March 7, 2018            PACHULSKI STANG ZIEHL & JONES LLP

By    */s/ Kenneth H. Brown*
       James I. Stang (CA Bar No. 94435)
       Kenneth H. Brown (CA Bar No. 100396)
       Ilan D. Scharf (NY State Bar #4042107)

# **EXHIBIT A**

(March 1, 2018 email)

# Oliver Carpio

| | |
|---|---|
| **From:** | Kenneth Brown |
| **Sent:** | Tuesday, March 06, 2018 2:40 PM |
| **To:** | Oliver Carpio |
| **Subject:** | FW: Great Falls Avoidance Action to address DGFM's new allegations that real property is held for benefit of parishioners. |

**From:** Kenneth Brown
**Sent:** Thursday, March 01, 2018 2:52 PM
**To:** 'Bruce Anderson' (banderson@eaidaho.com); Ford Elsaesser (felsaesser@eaidaho.com)
**Cc:** James Stang; Kenneth Brown
**Subject:** Great Falls Avoidance Action to address DGFM's new allegations that real property is held for benefit of parishioners.


We have received no response to the below email to you from Jim Stang of February 22, 2018.  We would like to have your input on the most efficient way to obtain a judicial determination resolving the dispute created by the Debtor's recent contention that the Debtor's real property is held in trust for the parishioners . We believe there are three options for achieving this:

1. A section 544(a)(3) action to avoid unrecorded interests in real property against a defendant class consisting of all parishioners within DGFM, selected parishes, Billings Catholic Schools and DGFM as purported trustee for the parishioners and the parishes;
2. A section 544(a)(3) action to avoid unrecorded interests in real property against selected parishes,  a limited number of parishioners (bell weather defendants) Billings Catholic Schools, and DGFM as purported trustee for the parishioners and the parishes . We would contemplate naming the Bishop and members of each parish's  finance counsel as the parishioner defendants;
3. A section 544(a)(3) action to avoid unrecorded interests in real property against DGFM as purported trustee, selected parishes and Billings Catholic Schools.

We believe that option (3)  is the most cost effective and desirable approach for the estate.   It would permit the issue to be fully litigated by the Debtor  and avoids inflicting the burden of litigation on individual parishioners. While we recognize option (3)  is not a perfect solution as the parishioners are not parties,  we think as a practical matter, the Court's determination that  unrecorded interests are (or are not) avoidable will put the matter to rest irrespective of who the named parties are.

We are in the process of preparing a supplemental brief in support of our motion for standing to prosecute avoidance actions, to among other things, address the issues raised by the Debtor's new contention that the real property is held for the benefit of the parishioners, rather than just the parishes. Before we apprise the Court of our views on the best way to proceed, we need to know whether the Debtor is amenable to proceeding under option (3) or whether it will assert that the parishioners are necessary or indispensable parties and the action cannot proceed without them.

We would appreciate a response by the close of business on Monday March 5.

Ken

**From:** James Stang
**Sent:** Thursday, February 22, 2018 10:55 AM
**To:** ford@eaidaho.com; Bruce Anderson (banderson@eaidaho.com)
**Cc:** Kenneth Brown
**Subject:** Diocese of Great Falls: Avoidance Actions

Dear Ford and Bruce:

Ken informed me that the Diocese intends to pursue the argument that real and personal property is held for the benefit of parishioners as well as parishes. I have been giving some thought to cost efficient approaches to addressing the parishioner issue. In lieu of a defendant class action, the Committee is considering seeking authority to file an avoidance action(s) naming a parishioner from each of the defendant parishes identified in the proposed complaint.

Jim


**James Stang**
Pachulski Stang Ziehl & Jones LLP
Direct Dial: 310.772.2354
Tel: 310.277.6910 | Cell: 310.420.7535 | Fax: 310.201.0760
jstang@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | San Francisco | Wilmington, DE | New York

2

## **EXHIBIT B**

(Proposed Form of Order)

James I. Stang (CA State Bar #94435
Kenneth H. Brown (CA Bar #100396)
Ilan D. Scharf (NY State Bar #4042107)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
Phone: (310) 277-6910
Fax: (310) 201-0760
Email: jstang@pszjlaw.com
       kbrown@pszjlaw.com
       ischarf@pszjlaw.com

Attorneys to Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MONTANA**

| | |
|---|---|
| In re: | ) Chapter 11 |
| Roman Catholic Bishop of Great Falls, Montana, a Montana Religious Corporation Sole (Diocese of Great Falls - Billings), | ) Bankruptcy Case No. 17-60271-JDP |
| Debtor-in-Possession. | ) |

**ORDER GRANTING THE MOTION OF THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS FOR AUTHORITY
TO COMMENCE, PROSECUTE AND SETTLE LITIGATION
ON BEHALF OF THE BANKRUPTCY ESTATE**

On November 2, 2017 , the Official Committee of Unsecured Creditors (***"Committee"***)

filed its *Motion for Exclusive and Irrevocable Authority to Commence, Prosecute and Settle

Litigation on Behalf of Bankruptcy Estate Against Diocese Affiliated Entities* (***"Motion"***). The

Roman Catholic Bishop of Great Falls, a Montana Religious Corporation Sole (***"the Diocese"***)

filed a limited objection. The Court conducted a hearing on the Motion on January 4, 2018 and

**ORDER RE MOTION FOR AUTHORITY
TO COMMENCE, PROSECUTE AND SETTLE
LITIGATION ON BEHALF OF THE ESTATE**

DOCS_SF:95320.2 18488/002                    1

issued its Memorandum of Decision (which constitutes the Court' findings of material fact and conclusions of law) on March 1, 2018. Based on its findings of fact and conclusions of law set forth in its Memorandum of Decision,

**IT IS HEREBY ORDERED**:

1. The Motion is **GRANTED**;

2. The Committee shall have standing and authority, on behalf of the bankruptcy estate, to commence, prosecute and settle the claims for relief set forth in the form complaints attached as Exhibits A and B to the Committee's Supplemental Submission [Dkt no. 273] against 14 Parishes, no more than two parishioners from each of those parishes, the Diocese of Great Falls Billings Juridic Persons Capital Assets Support Corporation, Billings Catholic Schools and the Diocese (in both its own capacity and as a purported trustee for its parishioners, parishes and other affiliated entities); and

3. The Committee may assert additional claims and add additional parties only with Court approval.

**ORDER RE MOTION FOR AUTHORITY
TO COMMENCE, PROSECUTE AND SETTLE
LITIGATION ON BEHALF OF THE ESTATE**

DOCS_SF:95320.2 18488/002         2

STATE OF CALIFORNIA )
)
CITY OF SAN FRANCISCO )

I, Oliver Carpio, am employed in the city and county of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 150 California Street, 15th Floor, San Francisco, California 94111-4500.

On March 7, 2018, I caused to be served the following documents in the manner stated below:

- OFFICIAL COMMITTEE OF UNSECURED CREDITORS SUBMISSION OF DISPUTED FORM OF ORDER GRANTING MOTION FOR STANDING AND STATEMENT OF DISPUTE

| ☑ | TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF): The foregoing document was served by the court via NEF and hyperlink to the document. On **March 7, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below. |
|---|---|
| ☑ | (BY MAIL) I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. |

I declare under penalty of perjury, under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on March 7, 2018 at San Francisco, California.



*/s/ Oliver Carpio*
Legal Assistant

1. **SERVED VIA ECF**

- JOHN L. AMSDEN    amsden@becklawyers.com, info@becklawyers.com;natalie@becklawyers.com
- BRUCE ALAN ANDERSON    brucea@eaidaho.com, baafiling@eaidaho.com
- MICHAEL G BLACK    blacklaw@blackfoot.net, mike@becklawyers.com;blacklaw.mt@gmail.com
- DREW BLEWETT    DBLEWETT@HOYTANDBLEWETT.COM
- JOSEPH BLUMEL    joseph@blumellaw.com
- KENNETH H. BROWN    kbrown@pszjlaw.com, ocarpio@pszjlaw.com
- DUSTIN CHOUINARD    DustinC@mcpcattorneys.com
- EVERETT J CYGAL    ECYGAL@SCHIFFHARDIN.COM
- MAXON R. DAVIS    MAX.DAVIS@DHHTLAW.COM
- VITO R. DE LA CRUZ    vito@tamakilaw.com, tori@tamakilaw.com;bsmith@tamakilaw.com;julie@tamakilaw.com
- LOUIS T DELUCIA    LDELUCIA@SCHIFFHARDIN.COM
- KATHLEEN L. DESOTO    kldesoto@garlington.com
- Gary Dyer    Gary.W.Dyer@usdoj.gov
- FORD ELSAESSER    ford@ejame.com
- FORD ELSAESSER    ford@eaidaho.com, Katie@eaidaho.com
- DANIEL T L FASY    dan@fasylaw.com
- MICHAEL J GEORGE    mike@georgelaw-mt.com
- JOHN H. GRANT    jgrant@jmgm.com, jgrant4774@aol.com;kreed@jmgm.com
- GREGORY J HATLEY    greg.hatley@dhhtlaw.com
- MOLLY K. HOWARD    mhoward@dmllaw.com, mmantei@dmllaw.com
- DOUG JAMES    doug.james@moultonbellingham.com, jennifer.clark@moultonbellingham.com
- WES SCOTT LARSEN    WES@JVWLAW.NET, narda@jvwlaw.net;ljames@jvwlaw.net
- BRADLEY J. LUCK    bjluck@garlington.com, jdlawrenson@garlington.com;lrhanenburg@garlington.com;kldesoto@garlington.com
- CATHERINE M MASTERS    cmasters@schiffhardin.com
- OFFICE OF THE U.S. TRUSTEE    ustpregion18.gf.ecf@usdoj.gov
- JAMES A PATTEN    apatten@ppbglaw.com, andypatten88@gmail.com;apatten@ecf.inforuptcy.com;Apatten-ecf@ppbglaw.com
- BLAKE ALAN ROBERTSON    brobertson@ppbglaw.com, brobertson@ecf.courtdrive.com;Brobertson-ecf@ppbglaw.com
- DANIEL J SCHUFREIDER    DSCHUFREIDER@SCHIFFHARDIN.COM
- BONNIE SHUSTER    Bonnie.J.Shuster@usdoj.gov
- DAVID M SPECTOR    DSPECTOR@SCHIFFHARDIN.COM
- JAMES STANG    jstang@pszjlaw.com
- DEAN A. STENSLAND    dstensland@boonekarlberg.com, dallen@boonekarlberg.com
- CRAIG K VERNON    cvernon@jvwlaw.net
- AARON YORK    aaron.g.york@usdoj.gov, Leslie.Dronen@usdoj.gov

2. **SERVED VIA U.S. MAIL**

| U.S. Trustee<br>Office of the U.S. Trustee<br>Liberty Center, Suite 204<br>301 Central Ave<br>Great Falls, MT  59401 | John L. Amsden, Esq<br>Michael G. Black, Esq.<br>Beck, Amsden & Stalpes, PLLC<br>1946 Stadium Drive, Suite 1<br>Bozeman, MT  59715 | Ford Elsaesser<br>Bruce A. Anderson<br>Elsaesser Anderson, CHTD.<br>320 East Neider Avenue, Ste 102<br>Coeur d'Alene, ID  83815 |
|---|---|---|

**OCUC'S SUBMISSION OF DISPUTED FORM
OF ORDER GRANTING MOTION FOR
STANDING AND STATEMENT OF DISPUTE**

DOCS_SF:96070.4 18488/002