James I. Stang (CA State Bar #94435)
Ilan D. Scharf (NY State Bar #4042107)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
Phone: (310) 277-6910
Fax: (310) 201-0760
Email: jstang@pszjlaw.com
        ischarf@pszjlaw.com

Attorneys to the Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MONTANA**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Roman Catholic Bishop of Great Falls, Montana, | ) |
| a Montana Religious Corporation Sole, | ) Bankruptcy Case No. 17-60271-JDP |
| | ) |
| Reorganized Debtor. | ) |
| | ) |

**JOINT RESPONSE OF COMMITTEE**
**AND TRUSTEE TO OBJECTION OF DENNIS BRAULICK**

The Official Committee of Unsecured Creditors (the "**Committee**") of the Roman Catholic Bishop of Great Falls, Montana (the "**Debtor**") and Omni Management Acquisition Corp. (the "**Trustee**"), by and through their undersigned counsel, hereby submit their joint response (the "**Response**") to the *Motion of Objection to Twenty Nine Percent 29% of Attorney Fees on Victim Dennis W. Braulick Settlement For Other Attorney Fee Motion of Objection to All Notices of Application for Professional Fees and Cost For Unknown Claims Representative, Honor. Michael R. Hagan (Retired) Davis, Hartley, Hoffman & Tighe, P.C. Elsaesser, Anderson, CHTD, Notice of Motion of Objection to Fees to be Paid Only on Payment of All Victims Proper*

*Settlements* (the "**Objection**") filed by Dennis Braulick. In Support of the Response, the Committee and the Trustee respectfully state as follows:

### Relevant Facts

1. On March 31, 2017 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Montana (the "**Bankruptcy Court**"). The Debtor's case is captioned *In re Roman Catholic Bishop of Great Falls, Montana, a Montana Religious Corporation Sole,* Case No. 17-60271-JDP (the "**Chapter 11 Case**").

2. The Debtor commenced its Chapter 11 Case to address sexual abuse claims against the Debtor and/or individuals for who the Debtor was responsible. Mr. Braulick filed a timely Tort Claim (as defined in the Plan) against the Debtor.

3. On May 1, 2017, the United States Trustee for Region 18 appointed the Committee. The Committee was comprised of eight (8) sexual abuse survivors who asserted claims against the Debtor prior to the Petition Date. The Committee negotiated a settlement that resulted in the payment of $20,000,000 to holders of sexual abuse claims. This settlement was memorialized in the *Modified First Amended Plan of Reorganization Proposed by the Roman Catholic Bishop of Great Falls, Montana* (the "**Plan**"). Notably, the settlement fund was established solely for the benefit of Tort Claimants, and no fees of estate or Trust professionals will be paid from the settlement funds.

4. On August 22, 2018, the Court entered its *Findings of Fact and Conclusions of Law Regarding Modified First Amended Plan of Reorganization Proposed by the*

*Roman Catholic Bishop of Great-Falls, Montana* (the "**Confirmation Order**") [Docket No. 426]. The Effective Date of the Plan occurred on or about September 17, 2018. Pursuant to the Plan, the Committee was dissolved as of the Effective Date, except for, among other things, with respect to applications for payment of professional fees. *See* Plan at §15.24. As such, the Committee is authorized to submit this response.

5. Also as of the Effective Date, the Diocese of Great Falls-Billings Tort Claimant Trust (the "**Trust**") was established pursuant to the Plan and the Trustee became the trustee of the Trust. The Trustee is authorized to file this Response pursuant to the Plan and the Trust Agreement (as defined in the Plan).

6. On or about October 31, 2018, Mr. Braulick filed a *Lis Pendens* [Docket No. 458] with respects to property allegedly owned by the College of Great Falls (the "**College Property**") based on his claims against the Debtor. The University of Providence (formerly known as the University of Great Falls) is a Diocese Party (as defined in the Plan) that received an exculpation and is a beneficiary of a channeling injunction under the Plan. *See* Plan at §§ 2.44, 12.4, 12.5 and 12.6. To the extent the College Property is property of the University of Providence, Mr. Braulick appears to have violated the terms of the Plan and Confirmation Order.

## RESPONSE

7. Mr. Braulick is not satisfied with the terms of the settlement. He objected to confirmation and appeared at the confirmation hearing [Docket Nos. 408 and 409]. Mr. Braulick was the only Tort Claimant to vote against the Plan, as well as the only Tort Claimant to object to confirmation. *See* Ballot Summary [Docket No. 416].

3

8. After a contested hearing at which Mr. Braulick cross-examined witnesses and presented his arguments against confirmation, the Court overruled his objections to confirmation. *See* Confirmation Order [Docket No. 425] at introductory paragraph. Mr. Braulick did not appeal, and the Confirmation Order is final.

9. Instead, Mr. Braulick now collaterally attacks the Plan, makes untimely arguments to payment of professional fees and has impaired the title of property of a Diocese Party in violation of the Plan. These belated and unfounded attacks on the Plan and the settlement terms should be overruled.

10. Mr. Braulick appears to ask the Bankruptcy Court to deny payment of professional fees until all sexual abuse victims have been paid. That objection is ill founded. First, the Committee, through its counsel, reviewed all the fee applications listed in the Objection. After review, the Committee determined that it would not object to the fees sought. The Court approved the fees, and the deadline to object to allowance has passes. Second, allowance of professional fees has no impact on the amount of the settlement because the Reorganized Debtor pays those fees. Mr. Braulick's Objection is simply an attempt to pressure professionals so that they may either pressure the claims reviewer to increase the amount of Mr. Braulick's award or undertake other actions that increase the amount of Mr. Braulick's award in violation of the Plan. Third, the Trustee already has paid the Becker and Doe Claimant Pools their share of the settlement. Mr. Braulick's ill-founded objection is the only factor that is holding up the distribution of settlement proceeds to the remaining Tort Claimants. Finally, the Objection does not raise any issues with the applications.

4

11. The Objection also attacks sections 7.1.8 and 7.1.9 of the Plan, which provide for allocation of contingency fees and costs across all members of each Claimant Pool. That Objection was not raised prior to confirmation, and there is no basis for raising it after the Confirmation Order is final and non-appealable. As such, the Bankruptcy Court should overrule this objection.

12. There are three Claimant Pools in the Plan. The Trust has already distributed settlement funds to the claimants in the pools that do not include Mr. Braulick. However, the Trustee has not made a complete distribution to the Claimants in Mr. Braulick's pool in light of his Objection.

13. Finally, Mr. Braulick has not submitted the General Release (as defined in the Plan) required of Tort Claimants to receive a distribution. The Trustee cannot make a distribution to Mr. Braulick until he submits a properly executed release. Mr. Braulick has no property interest in the Trust's assets under the terms of the Plan and the Plan Documents. *See* Trust Agreement, Plan Ex C, at §15.3 ("A Beneficiary shall have no title to, right to, possession of, management of, or control of the Trust Assets, or any right to call for a partition or division of the Trust Assets. Title to all the Trust Assets shall be vested in the Trustee, and the sole interest of the Beneficiaries shall be the rights and benefits given to such Persons under this Trust Agreement and the Plan"). He only has a right to distribution if he complies with the terms of the Plan, the Confirmation Order and the Trust Agreement.

14. Simply put, Mr. Braulick attempts to be the squeaky wheel that gets more grease. However, the estate's and the Trust's professionals cannot – and will not – violate the

5

Plan simply because Mr. Braulick objects to fees, files a *lis pendens* and generally seeks to upend a confirmed Plan that was the result of hard fought litigation and negotiation by the Committee, the Debtor and its insurer.

WHEREFORE, the Committee and the Trustee respectfully request entry of an order denying the Objection.

Dated:   November 9, 2018

Respectfully submitted,

PACHULSKI STANG ZIEHL & JONES LLP

By   */s/ James I. Stang*
James I. Stang (CA Bar No. 94435)
Ilan D. Scharf (NY Bar No. 4042107)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Telephone:  (310) 277-6910
Facsimile:  (310) 201-0760
E-mail:   jstang@pszjlaw.com
              ischarf@pszjlaw.com

Attorneys for the Official Committee of Unsecured Creditors

DOCS_NY:38320.4 18488/002

CERTIFICATE OF SERVICE

I, James Stang, declare as follows:

I am a partner of Pachulski Stang Ziehl & Jones LLP; I maintain an office at 10100 Santa Monica Blvd, Los Angeles, CA 90067; I am over the age of eighteen years.

I do hereby certify under penalty of perjury that on the 9th day of November, 2018, I served the foregoing JOINT RESPONSE OF COMMITTEE AND TRUSTEE TO OBJECTION OF DENNIS BRAULICK on all ECF participants as indicated on the Court's ECF system which includes counsel for the Debtor and the U.S. Trustee.

Additionally, by express mail, I mailed a copy to the parties on the attached service list.

Dated: November 9, 2018

Respectfully submitted,

PACHULSKI STANG ZIEHL & JONES LLP

By  */s/ James I. Stang*
James I. Stang (CA Bar No. 94435)
Ilan D. Scharf (NY Bar No. 4042107)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Telephone:  (310) 277-6910
Facsimile:  (310) 201-0760
E-mail:   jstang@pszjlaw.com
          ischarf@pszjlaw.com

Attorneys for the Official Committee of Unsecured Creditors

## SERVICE LIST

**VIA FEDERAL EXPRESS**

Dennis W. Braulick
917 East 12th Avenue
Post Falls, ID 83854

Ford Elsaesser, Esq.
Bruce A. Anderson, Esq.
ELSAESSER ANDERSON, CHTD.
320 East Neider Avenue, Suite 102
Coeur d'Alene, ID 83815